MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Strausbaugh, | No. CV 15-0118-TUC-JAS |
| Plaintiff, | |
| v. | **ORDER** |
| Greentree Servicing LLC, et al., | |
| Defendants. | |

On March 25, 2015, Plaintiff Michael Strausbaugh, who is confined in the United States Penitentiary-Tucson, filed a *pro se* Complaint (Doc. 1) asserting various causes of action arising out of the foreclosure and sale of a residential property in New Oxford, Pennsylvania. Pursuant to 28 U.S.C. § 1406, the Court will transfer this action to the Middle District of Pennsylvania.

According to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is not proper in this District pursuant to § 1391(b)(1) because, according to the Complaint, Defendants reside in Arizona, Pennsylvania, Georgia, and California. Nor is

this action properly brought here pursuant to § 1391(b)(2), as the conduct that allegedly gave rise to Plaintiff's claims occurred in the Middle District of Pennsylvania, the situs of the real property that is at the center of this dispute.  Finally, as it appears this lawsuit may properly be brought in the Middle District of Pennsylvania, venue is not proper in this District on the basis of § 1391(b)(3).

Pursuant to 28 U.S.C. § 1406(a), the Court "of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision to dismiss or transfer under § 1406(a) lies within the discretion of the district court. *See King v. Russell,* 963 F.2d 1301, 1304 (9th Cir. 1992).  In the interest of justice, the Court, in its discretion, will transfer this case to the United States District Court for the Middle District of Pennsylvania.

**IT IS ORDERED** the Clerk of Court must **transfer** this action to the United States District Court for the Middle District of Pennsylvania, Harrisburg Division.

Dated this 16th day of July, 2015.

Honorable James A. Soto
United States District Judge