**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL STRAUSBAUGH,

                Plaintiff,

     v.

GREENTREE SERVICING LLC, et al.,

                Defendants.

CIVIL ACTION NO. 1:15-CV-01433

(CONNER, C.J.)
(MEHALCHICK, M.J.)

**ORDER**

On March 25, 2015, *pro se* Plaintiff Michael Strausbaugh, a prisoner currently incarcerated at the United States Penitentiary in Tucson, Arizona ("USP-Tucson"), filed the instant federal action against seven Defendants: Greentree Servicing, LLC ("Greentree"); KML Law Group, P.C. ("KML") and its attorneys Jill P. Jenkins and David Fein; prothonotary Lori Hogue; public defender James J. West; and process server James Anthony. (Doc. 1). On August 26, 2015, the Plaintiff filed a motion seeking extension of time to complete Form USM-285 with respect to Defendants West and Anthony (Doc. 21) and a motion for service of subpoena directed to KML Law Group in order to obtain these Defendants' addresses. (Doc. 22). On December 4, 2015, this Court denied the two motions (Doc. 21; Doc. 22) and found that Plaintiff had failed to demonstrate the absence of an alternative means to obtain the requested information. (Doc. 25).

After an extended procedural history, the Plaintiff then filed an amended complaint on October 24, 2016.[1] (Doc. 34). On October 2, 2017, the Court ordered the Clerk of Court to issue process to the U.S. Marshal's service, who would serve a copy of the amended complaint (Doc. 34), together with a request for waiver of service of summons, on Defendants Greentree, KML, Jenkins, Fein, Hogue, and Anthony.[2] (Doc. 37). However, the U.S. Marshal's Service was unable to serve Defendant Anthony, as the Plaintiff did not provide his address. (Doc. 37). As such, service of process of the amended complaint has never been accomplished as to Defendant Anthony, who has not waived service for similar reasons.[3]

Plaintiff is reminded that the Court must have the complete name and address for each and every defendant named in the complaint in order to effect service. Any defendant not properly identified will not be served. Therefore, if the complaint lists a defendant without the proper mailing address, as is the case here, the Plaintiff shall provide to the Clerk's Office the completed required Notice of Waiver of Summons, Waiver of Summons, and USM 285 forms for each defendant that cannot be properly served. On this form the Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's

---

[1] In the Plaintiff's amended complaint, James J. West was dismissed as a Defendant and terminated from the action on October 24, 2016. (Doc. 34).

[2] Defendants KML, Jenkins, Fein, and Hogue each returned executed waiver of service forms to this Court. (Doc. 39; Doc. 45).

[3] The Court notes that after Plaintiff filed the amended complaint, he sought to amend his complaint for a second time on November 11, 2017. (Doc. 47). The motion to amend was granted on November 17, 2017, and the second amended complaint has not yet been served on Defendant Anthony. (Doc. 48)

Office correct instructions for mailing to any defendant, his claims against that defendant may

be dismissed pursuant to Federal Rule of Civil Procedure 4(m).[4]

AND NOW, this 22nd day of November, 2017, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall provide an updated address for Defendant Anthony on or before **Friday, December 1, 2017.**

2. If Plaintiff fails to provide a valid address at which Defendant may be served, it may be recommended that Plaintiff's claims against this Defendant be dismissed pursuant to Federal Rule of Civil Procedure 4(m).


**Dated: November 22, 2017**                    *s/ Karoline Mehalchick*

                                                 **KAROLINE MEHALCHICK**
                                                 **United States Magistrate Judge**

---

[4] Under Rule 4(m):

[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).