**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL STRAUSBAUGH,** : CIVIL ACTION |
| Plaintiff, : |
| : |
| v. : NO.: 1:15-CV-01433 |
| : |
| **GREEN TREE SERVICING, LLC, et al.** : |
| Defendant, : |

**BRIEF IN SUPPORT OF DEFENDANT LORI HOGUE TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.  PROCEDURAL HISTORY**

Plaintiff, Michael Strausbaugh, filed his *pro se* prisoner complaint on March 25, 2015 in the United States District Court for the District of Arizona.  The Complaint was filed against numerous Defendants which included Greentree Servicing LLC, KML Law Group, P.C., Jill P. Jenkins, David Fein, James Anthony, and the moving Defendant, Lori Hogue.  United States Magistrate Judge Karoline Mehalchick issued a Report and Recommendation that Plaintiff's Complaint be dismissed as being without merit on August 22, 2016.  Subsequently, Plaintiff filed an Amended Complaint on October 24, 2016 and an October 2, 2017 Order of Court directed the Clerk to serve the Defendants with the Amended Complaint.  Subsequently, Plaintiff filed a Motion for Leave to Amend Complaint and a Second Amended Complaint was on November 17, 2017.  Counts 17, 18 and 19 of the Second Amended Complaint are applicable to the moving Defendant, Lori Hogue.

**II.  STATEMENT OF THE FACTS**

Plaintiff's Second Amended Complaint is an extensive 68 page document which

1

concerns a mortgage foreclosure case filed against Plaintiff's property located at 1946 East Berlin Road, New Oxford, Pennsylvania which was commenced January 17, 2012.  As against the other Defendants, Plaintiff is essentially seeking to relitigate the mortgage foreclosure case against the bank, it's attorneys, and the process server.  Only a small portion of the Plaintiff's Complaint is directed towards Ms. Hogue, a Deputy Prothonotary in Adams County where the mortgage foreclosure case was filed.  Primarily, Plaintiff complained that Defendant Hogue accepted $13.75 for a copy of his file to be sent to Strausbaugh in prison.  (Plaintiff's Second Amended Complaint Paragraph 39)  Plaintiff then alleges that Defendant Hogue accepted the payment but never sent the case file to him, and he first learned of this May of 2013.  (Plaintiff's Second Amended Complaint Paragraph 40 and 41)  Additionally, Plaintiff's Second Amended Complaint also alleges that on two occasions, Plaintiff Hogue allegedly failed to file motions on the docket.  (Plaintiff's Second Amended Complaint Paragraph 198 and 199).  Plaintiff then alleges that he first became aware of all of this in May of 2013, and, that as a result of the alleged actions of the Defendant, he was unable to properly argue his case in the state court.

     Plaintiff's Count 17 of his Second Amended Complaint alleges that Defendant Hogue violated his Fifth Amendment right to due process by failing to send him the case file in December of 2012.  According to the Plaintiff, the failure of Defendant Hogue to serve him with the record in December 2012 deprived him of the ability to show that a default judgment was improperly entered against him as a result of him not being properly served with the Foreclosure Complaint.  Plaintiff's Count 18 in Plaintiff's Second Amended Complaint states that Defendant Hogue violated his First Amendment right to access to the Court when she failed to send him the case file after his family paid for it and failing to file his two Motions.  The facts of this averment are identical to the previous Count 17.  Finally, County 19 alleges that Defendant Hogue

committed extrinsic fraud that denied him of his property when she failed to send him the case file and docket the two Motions as identified above.

Despite the alleged misconduct by Defendant Hogue, Plaintiff participated in the case in front of the Trial Court and initially secured a delay in the proceedings as a result of a November 13, 2012 Petition to Postpone that he filed. (Plaintiff's Second Amended Complaint Paragraphs 36 and 37). Further, Plaintiff filed an Appeal to the Pennsylvania Superior Court on March 19, 2013, and that was dismissed February 27, 2014. (Plaintiff's Amended Complaint Paragraphs 47 and 52). Plaintiff also filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania on March 19, 2014, which was denied on September 29, 2014. (Plaintiff's Second Amended Complaint Paragraphs 53 and 54). Finally, Plaintiff filed a Writ of Certiorari in the United States Supreme Court on December 11, 2014 which was subsequently denied on February 23, 2015. (Plaintiff's Second Amended Complaint Paragraphs 55 and 56).

### III.  QUESTIONS PRESENTED

1.	Does Plaintiff's Complaint fail to state a cause of action as against Defendant Lori Hogue? Suggested Answer: Yes.

### IV. DISCUSSION

A.	Standard of Review.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a Defendant may move to dismiss for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Complaint under Rule 12(b)(6), a Court must accept as true all allegations and all reasonable inferences that can be drawn from them. *Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1997)*. While a Court must view the Complaint in the light most favorable to a plaintiff, he actually has to plead facts and not legal conclusions and bald

3

assertions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, 556 U.S. 662 (2009)*. A court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)*. Finally, as this is a *pro se* Complaint, it is to be liberally construed, but it can still be dismissed for failure to state a claim if no set of facts support Plaintiff's claim or entitle him to relief. *Haines v. Kerner, 404 U.S. 519, 520-21 (1972)*.

      B.    <u>Quasi Judicial Immunity.</u>

Plaintiff's Second Amended Complaint fails to state cause of action against Defendant Hogue because she is not a person under 42 U.S.C. 1983 and she is entitled to quasi judicial immunity. Plaintiff's Second Amended Complaint clearly alleges that Defendant Hogue is to be held liable in her official capacity as Deputy Prothonotary of Pennsylvania. Pennsylvania Law provides that "there shall be one Prothonotary for the Court of Common Pleas" in every Pennsylvania county. 42 Pa.C.S. § 2731(a). Further, each Prothonotary has "authority…as an officer of the Court." 42 Pa.C.S. § 2737(5). The Prothonotary's Office, and in this case, the Deputy Prothonotary, is part of the Adams County Court of Common Pleas and is not a "person" under 42 U.S. C. § 1983. See *Indep. Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1174 (3d Cir. 1997)*.

Moreover, as pointed out in footnote 4 of Magistrate Judge Mehalchick's Report and Recommendation, Defendant Hogue is able to claim quasi judicial immunity because her "judgments are functionally comparable to those of judges as discretionary judgment is part of their function." *Kulesa v. Rex, 519 F. App'x 743, 746 (3d Cir. 2013)*. The Magistrate Judge's analysis in the footnote is correct and in keeping with *Lockhart v. Hoenstine, 411 F.2d 455, 460*

4

*(3d Cir. 1969)* which recognized immunity enjoyed by judicial and quasi judicial officers, including a Prothonotary.

    C.    <u>Plaintiff's constitutional claims fail.</u>

U.S.C. § 1983 requires that Plaintiff be deprived of a right secured by the United States Constitution. *Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).* Plaintiff is alleging that Defendant deprived him of his First and Fifth Amendment Constitutional Rights. The First Amendment claim is with respect to interference of access to the legal process. However, *Lewis v. Casey, 518 U.S. 343, 349 (1996)*, held that access to the Courts does not appear to extend to civil cases and foreclosure proceedings. Further, with respect to the Fifth Amendment to due process claim, due process is only extended to a protection of a fundamental right not an economic interest. Plaintiff would have had to been completely precluded from the Court access which is not the case here. *Boddie v. Connecticut, 401 U.S. 371 (1971); United States v. Kras, 409 U.S. 434 (1973).*

Also, Plaintiff's claims also fail as there was no injury and he could not have been deprived of the ability to make an argument that service was fatally defective because it effects the validity of a judgment, which renders a judgment to be void. *Oswald v. WB Public Square Associates LLC 80 A.3d 790 (Pa. Super. 2013).* Since the error alleged by Plaintiff was so severe and rendered the judgment void, Plaintiff could have raised such an argument at any time in the proceedings, including for the first time on appeal, and it would have been granted by the Court. *See Id.* Thus, if Plaintiff found out about the defective service in May of 2013 he should have brought it to the attention of the Superior Court prior to its ruling in 2014 and the Court would have had to strike the default judgment as void. *See id.*

    D.  <u>Plaintiff's extrinsic fraud claim fails</u>.

Plaintiff's last allegation is for extrinsic fraud.  Extrinsic fraud is summarized as follows:

> By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise of compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there: *Pico v. Cohn*, 91 Cal. 129 [25 P. 970]. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed upon, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial. *Bleakley v. Barclay*, 75 Kansas 462 [89 P. 906].

*Fenstermaker v. Fenstermaker*, 243, 502 A.2d 185, 188 (Pa. Super. 1985), quoting *McEvoy v. Quaker City Cab Co.*, 110 A. 366, 368 (Pa. 1920).  In Pennsylvania, extrinsic fraud is not so much a cause of action, as it is a means in which to challenge and overturn a judgment or decree. In fact, it is most cited to in divorce cases where one of the litigants wants to set aside a divorce decree.  *Foley v. Foley*, 572 A.2d 6 (Pa. Super. 1990).  Also, the doctrine tends to apply to the opposing party and not a deputy prothonotary.  As a result, Defendant Hogue believes that Count 19 does not state a cause of action for which relief can be granted.  Perhaps an argument of extrinsic fraud could be used in the Adams County Court of Common Pleas in an attempt to set aside the judgment, but it does not appear to create an affirmative cause of action.

Ignoring the allegation of extrinsic fraud, and just contemplating a case of common law fraud, a plaintiff must allege the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused

6

by the reliance.  *Commonwealth vs. Kitchen, 162 A.3d 1140 (Pa. Super 2017).*

Even when reading Plaintiff's Second Amended Complaint in a light most favorable, it does not appear to that a single element of the claim of fraud is satisfied.  There was no material representation, so it could not be false or with the intent to mislead.  Also, as stated above, there is no injury suffered by the Plaintiff.  As a result, even construing his claim in terms of fraud, it must fail.

## V.  CONCLUSION

Plaintiff has made three efforts a drafting a complaint that would even pass the preliminary question of whether he is presenting a claim for which relief can be granted.  He still has not been able to do so and should not be allowed further attempts, as he has already full litigated his case in the state court and is trying to pass blame to the various defendants for his misfortune.  Thus, Plaintiff's Second Amended Complaint should be dismissed with prejudice.

**Dated:  December 15, 2017**

/s/ Todd A. King_____
**TODD A. KING, ESQUIRE**
Attorney I.D. PA309197
CAMPBELL & WHITE, P.C.
112 Baltimore Street, Suite 1
Gettysburg, PA 17325
(717) 334-9278
tking@campbellandwhite.com
**Attorney for Defendant Lori Hogue**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MICHAEL STRAUSBAUGH,** : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | NO.: 1:15-CV-01433 |
| : | |
| **GREEN TREE SERVICING, LLC, et al.** : | |
| Defendant, : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2017, the foregoing Motion to Dismiss was filed electronically, which will send notice to all users of the CM/ECF system. Additionally a copy was served via U.S. Mail, postage prepaid upon the following:

       Michael Strausbaugh
       DCP # 78830
       Dauphin County Prison
       501 Mall Road
       Harrisburg, PA 17111

       s/ Todd A. King
       **Todd A. King**