

**FILED**
HARRISBURG, PA

SEP 0 4 2018

PER____D·A!_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael Strausbaugh,           : Civil No. 1:15-CV-01433

       Plaintiff,              :

v.                             : (Connor, C.J.)

Greentree Servicing LLC et al, : (Mehalchick, M.J.)

       Defendants. :


## PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S
## REPORT AND RECOMMENDATION


Comes now Plaintiff, Michael Strausbaugh, pro se in the above captioned cause, and files this Objection to the Magistrate's Report and Recommendation. Strausbaugh objects to the Magistrate Judge's recommendation that this Court lacks diversity jurisdiction, the complaint fails to state a claim with respects to the federal questions, and that this Court deny leave to amend.


I.  OBJECTION TO MAGISTRATE'S RECOMMENDATION THAT THIS
    COURT LACKS DIVERSITY JURISDICTION UNDER 28 USC §1332.


Strausbaugh objects to the Magistrate's findings that 1.) He does not offer any evidence of his intent to remain in Arizona indefinitely, 2.) he fails to allege any contacts with Arizona besides being incarcerated there or otherwise indicate[s] that he intends to reside in Arizona, as opposed to some other state, upon his release, and 3.) he does not

1

make any showing of any "truly exceptional circumstances" that would overcome the presumption of continued domicile in Pennsylvania. (R&R at 10).

The Third Circuit has states the presumption that a prisoner's citizenship remains his state of incarceration may be rebutted by showing a bona fide intent to remain in the state of incarceration upon release. Pierro v. Kugel, 386 Fed. Appx. 308, 309 (3d Cir. 2010), citing Stifel v. Hopkins, 477 F.3d 1116 (6th Cir. 1973). The Sixth Circuit states that to acquire a domicile within a particular state a person must be physically present in the state and must have either 1.) the intention to make his home there indefinitely, or 2.) the absence of an intention to make his home elsewhere. Stifel 477 F.2d at 1120 (citing Gallagher v. Philadelphia Transp. Co., 185 F.3d 543, 546-47 (3d Cir. 1950). Strausbaugh is "physically present" in the state of Arizona (SAC ¶ 2) and the complaint alleges an absence of intention to return to Pennsylvania. (SAC ¶ 2A - L).

The Eighth Circuit citing Stifel states that a prisoner could show facts sufficient to indicate a bona fide intent to CHANGE his domicile to the place of his incarceration. Jones v. Hadican, 552 F.3d 249, 251 (8th Cir. 1977). Hadican makes note that "probably the most important factor in Stifel [] was the fact that the prisoner had been convicted of a particularly heinous and highly publicized crime...". Id. at n.2. Strausbaugh has alleged in the SAC facts to indicate a bona fide intent to change his domicile to Arizona based on similar dynamic of severity of crime. (SAC ¶ 2A & F). Additionally, this Court is aware of Strausbaugh's criminal

case as it is being adjudicated within this Court, and can consider it as it is a matter of public record, Oshiver v. Levin, Fishbein, Sandran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994)., and can draw any reasonable inferences from those and other facts in the complaint. Ethypharm S.A. France v. Abbott Laboratories, 707 F.3d 223, 231, n.14 (3d Cir. 2014).

In the event that this Court decides that it cannot draw reasonable inferences to satisfy that Strausbaugh intends to remain in Arizona, he would request leave to amend. He would specifically amend paragraph 2 to state that "Plaintiff, borrower, Michael Strausbaugh is a citizen of the United States, a citizen of Arizona and reside in Arizona based on the following:"

The information contained in ¶2, A-L of the SAC would remain the same in the TAC with the addition of paragraphs containing the following:

"M.) Strausbaugh intends to remain in Arizona indefinitely after release, and has intended such since 2013.

N.) The Federal Bureau of Prisons lists Strausbaugh's release address as Prescott, Arizona where he intends to reside upon release.

O.) Upon release from prison, Strausbaugh intends to start a business or obtain a job in Arizona and pay taxes in that state.

P.) Strausbaugh intends to establish bank accounts in Arizona upon release.

Q.) Strausbaugh intends to purchase a vehicle and have it registered in Arizona upon release."

To support the assertion that Strausbaugh has established a release address in Prescott Arizona, see separately filed (under seal) Exhibit 1. Therefore, this Court has diversity jurisdiction.

II. OBJECTION TO MAGISTRATE'S RECOMMENDATION THAT THIS COURT LACKS FEDERAL QUESTION JURISDICTION UNDER 28 USC §1331.

A. FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM AGAINST LORI HOGUE.

Strausbaugh objects to the Magistrate's finding that he has not plausibly alleged how Hogue's conduct shocked the conscience. (R&R at 16, fn.11).

It does not appear the Magistrate disputes that Strausbaugh has a fundamental constitutional right to real property, but for the purpose of this objection Strausbaugh asserts that right. He also asserts that he as sufficiently alleged that Hogue's actions were conscience shocking, contrary to the Magistrate's determination.

"The Prothonotary of course, 'is merely a clerk of the court of common pleas.'" Raitport v. Provident Nat'l Bank, 451 F.Supp 522, 534 (E.D.Pa. 1978) citing Smith v. Safeguard Mut. Ins. Co., 212 Pa. Super. 83, 86 (1968). Clerks of court and their agents have important duties in the judicial process and their duties such as docketing and filing papers with the court are ministerial and mandatory. Tucker v. I'Jama, 173 Fed. Appx. 970, 971-2 (ed Cir. 2006); Allen v. Dorsey, 463 F.Supp. 44, 47 (E.D.Pa. 1978); Brightwell v. Miller, 1993

4

Dist. LEXIS 14965 (E.D.Pa. 1993).

Greentree filed a foreclosure complaint against Strausbaugh on January 17, 2012. (SAC ¶ 25). However, due to fraudulent conduct, and the use of a fraudulent affidavit of service he was never served. (SAC ¶ 28, 29). After alleged service, Greentree continued to mail important notices to addresses where they knew Strausbaugh would not receive them. Unbeknownst to him, Greentree obtained a default judgement and a writ of execution on July 18, 2012. (SAC ¶ 32). Finally, on October 16, 2012 Strausbaugh became aware that the sheriff was going to sell his property but did not know what type of action existed, or that a default judgement had been entered against him. (SAC ¶ 32). Because Strausbaugh was in the dark about any filings in that case, existing prior to October 16th he sought assistance from his family to get a copy of the complete case file.

In December 2012 Hogue became aware that Strausbaugh had not been served with any documents relating to foreclosure action when Strausbaugh's mother contacted her about the case file. (SAC ¶ 249). A copy of the case file was ordered through Hogue and paid for but she never sent the file. (SAC ¶¶ 39, 40, 197). The conscience shocking aspect is that Hogue blocked Strausbaugh's ability to rectify the problem that she caused. The only remaining choice for him to gain access to the file was to move the court to order Hogue to provide a copy. The only path for that motion to get to the court was through Hogue. On February 11, 2013 Strausbaugh attempted to avail himself of the court's power by sending a motion for production of record documents, but Hogue never docketed that

5

motion. (SAC ¶ 44). On March 8, 2013 Strausbaugh again attempted to avail himself of the court's power by sending a second motion for production of the record documents, but Hogue never docketed that motion either. (SAC ¶ 45).

The law dictates that it was Hogue's mandatory duty to docket the motions when sent to her. But on multiple occasions instead of docketing the motions, Hogue used her job in the prothonotary's office to cover up her December 2012 misconduct which deprived Strausbaugh of the information he needed to avail himself of procedures to protect his fundamental constitutional right to real property.

On March 19, 2013, after Strausbaugh was unable to get the file from the Adams County Court he moved the Superior Court to compel the lower court to provide him with all documents. (SAC ¶ 47). But the Superior Court denied the motion without prejudice to seek relief in the trial court. (SAC ¶ 48). A copy of this order was sent directly to Honorable Judge Thomas R. Campbell and Strausbaugh. (SAC ¶ 48A). Strausbaugh was thus finally able to get around Hogue and the Adams County Court became aware of the problem. On April 3, 2013, without Strausbaugh filing a motion, Judge Campbell sua sponte ordered Hogue to produce and serve copies of all documents on Strausbaugh. (SAC ¶ 49). Hogue entered that order on April 4, 2013 but waited another 21 days to print and mail the documents, thereby further delaying his access to the case file.

Strausbaugh did not receive the certified case file until the beginning of May 2013. (SAC ¶¶ 50, 50A). Again, for her to know that Strausbaugh did not have, and he needed, the case

file - and to force him to go through such unbelievable lengths to get it, and then for her to wait another three weeks for her to send it after being ordered, is the very definition of conscience shocking. Hogue's actions deprived Strausbaugh of the information needed to properly move to open the default judgement. (SAC ¶¶ 200, 200B). Therefore, Strausbaugh has plead sufficient facts to sustain a claim for a .violation of substantive due process. In the event that this Court decides that it cannot draw reasonable inferences from the SAC to satisfy this claim, Strausbaugh would request leave to amend.

B.    FIRST AND FOURTEENTH AMENDMENT ACCESS
      TO THE COURT CLAIM AGAINST LORI HOGUE.

1.    INTENTIONAL AND DELIBERATE ACTIONS BY HOGUE.

Strausbaugh objects to the Magistrate's findings that his complaint lacks sufficient facts to demonstrate intentional and deliberate actions by Hogue. (R&R at 17). An official may only be liable if his acts are wrongful and intentional. Tucker v. Arnold, 361 Fed. Appx. 409, 410 (3d Cir. 2010). Accepting as true all allegations and drawing all reasonable inferences in Strausbaugh's favor he asserts that he has met the burden of showing Hogue's actions were both wrongful and intentional.

a.    HOGUE'S ACTIONS OF NOT SENDING THE FILE
      IN DECEMBER 2012 WERE WRONGFUL.

7

The SAC contains sufficient facts to allege that Hogue engaged in wrongful acts. First, in December 2012 Strausbaugh's mother contacted her and requested that she send a copy of the complete case file to him. (SAC ¶¶ 39, 215A). Second, Hogue quoted a price and accepted payment. (SAC ¶ 215B). And third, after the file was paid for she had a duty to send it to Strausbaugh (SAC ¶215C), but she never sent it to him. (SAC ¶¶ 40, 221A). Therefore, the SAC alleges facts sufficient to support that Hogue engaged in a wrongful act.

      b.   HOGUE'S ACTIONS OF NOT SENDING THE FILE IN DECEMBER 2012 WAS INTENTIONAL.

The SAC contains numerous facts that support that Hogue intentionally did not send the case file to Strausbaugh in December 2012.

FIRST SET OF FACTS:

1.) On January 17, 2012 Greentree filed a residential foreclosure against Strausbaugh. (SAC ¶ 25).

2.) On July 15, 2012 Greentree filed for a default judgement after Strausbaugh did not answer within 20 days of the date of service. (SAC ¶ 31).

3.) On July 18, 2012 a default judgement and a writ of execution to schedule the sale of Strausbaugh's property on November 16 was entered. (SAC ¶ 32).

4.) On November 7, 2012 Strausbaugh sent a motion to postpone the November 16, 2012 sale of his property. (SAC ¶ 36).

5.) On November 13, 2012 the Motion to postpone was docketed. (Exhibit-2).

REASONABLE INFERENCES DRAWN FROM THE FIRST SET OF FACTS:

1.) Hogue knew that Strausbaugh did not appear in the foreclosure action until November 13, 2012.

2.) Hogue knew that Strausbaugh intended to satisfy his mortgage debt, and had means to do so.

3.) Hogue knew that Strausbaugh wanted to postpone the sheriff sale until he could negotiate a settlement with the Plaintiff to keep his property.

SECOND SET OF FACTS:

1.) In December 2012 Strausbaugh's mother requested that a copy of the case file be sent to him. (SAC ¶¶ 215, 215A).

2.) Hogue quoted Strausbaugh's mother a price for the copy of the file and accepted payment. (SAC ¶ 125B).

REASONABLE INFERENCE DRAWN FROM THE SECOND SET OF FACTS AND PREVIOUS FACTS AND INFERENCES ABOVE:

1.) Hogue knew that Strausbaugh was seeking information contained in the case file.

THIRD SET OF FACTS:

1.) Hogue did not send the file that was requested and paid for in December 2012. (SAC ¶ 40).

2.) On February 11, 2013 Strausbaugh sent a motion for an order to produce the case file. (SAC ¶¶ 44, 216).

   a.) Hogue did not docket this motion. (SAC ¶¶ 44A, 218A).

9

3.) On March 8, 2013 Strausbaugh sent a second motion for an order to produce the case file. (SAC ¶¶ 44, 217).

a.) Hogue did not docket this motion either. (SAC ¶¶ 45A, 218A).

4.) On April 3, 2013, Adams County Court Judge Cambell ordered Hogue to produce and serve a certified copy of the case file on Strausbaugh. (SAC ¶ 49).

5.) On April 4, 2013 Hogue docketed the April 3rd order to produce and serve the case file. (SAC ¶ 50).

6.) After docketing the April 3rd order on April 4th, Hogue waited 21 days before she copied and sent the case file to Strausbaugh. (SAC ¶ 50A).

REASONABLE INFERENCE DRAWN FROM THE THIRD SET OF FACTS AND PREVIOUS FACTS AND INFERENCES ABOVE:

1.) Hogue's action of not sending the case file, after it was requested and paid for in December 2012, was intentional.

FINAL REASONABLE INFERENCE DRAWN FROM ALL THE FACTS AND INFERENCES ABOVE:

1.) Starting in December 2012 and continuing through April 25, 2013 Hogue intentionally erected barriers to block Strausbaugh's access to the information contained in the case file.

2. ACTUAL INJURY CAUSED BY HOGUE'S ACTIONS.

Strausbaugh objects to the Magistrate's findings that he failed to present a viable argument for actual injury because

1.) he had an opportunity to pursue an appeal, and 2.) he
failed to allege how Hogue's actions prevented him from
properly bringing a private civil claim in the state court
system. (R&R at 18 & n.13). The actual injury requirement is
satisfied when a prisoner demonstrates that a "non-frivolous"
and "arguable" claim was lost because of the denial of access
to the court.

### a. OPPORTUNITY TO PURSUE AN APPEAL WAS NOT THE CLAIMED ACTUAL INJURY.

The SAC does not allege the actual injury for
interference with access to the court was that Strausbaugh did
not have the opportunity to pursue an appeal. The following
allegations support that the SAC alleges a different actual
injury.

1.) Had Hogue provided Strausbaugh with the file in December,
he would have had evidence that was contained in the file to
properly argue against the sheriff sale and evidence of what
was used to obtain the default judgement. (SAC ¶¶ 220, 220B).
2.) That Strausbaugh was unable to substantiate his arguable
and non-frivolous claim that Greentree never served him in the
state court as required by law. (SAC ¶ 221).
3.) The case file was extremely important to obtain relief
from the trial court and the court simply dismissed
Strausbaugh's claim as it appeared on the record that he was
actually served by Greentree. (SAC ¶¶ 225, 225A).

Therefore, the SAC alleges a different actual injury; in
the Adams County Court Strausbaugh could not properly support

11

or bring a claim that he was not served with the foreclosure complaint which led to the court denying his "motion for reconsideration and annulment of the final judgement" construed by the Adams County Court as a motion to strike judgement of foreclosure. (Exhibit-20).

Strausbaugh was in fact in the Adams County Jail in Pennsylvania at the time of the service of the foreclosure complaint. (SAC ¶ 12). With access to the case file in December 2012 Strausbaugh would have had all the documents showing that service of the foreclosure complaint was effected in Georgia. (SAC ¶ 219, Exhibit-3). Thus Strausbaugh was not served. Lack of service in a foreclosure action divested the Court of personal jurisdiction over Strausbaugh and thereby was an arguable and non-frivolous claim which was lost because Hogue intentionally interfered with his access to the case file.

   b.   INTENTIONAL ACTIONS PREVENTED STRAUSBAUGH FROM
        PROPERLY BRINGING A CIVIL CLAIM.

In January 29, 2013 Strausbaugh filed a motion to annul (Exhibit-19) which the Adams County Court construed as a motion to strike foreclosure judgement. Within his motion to annul, Strausbaugh could not bring the claim that he was never served with the foreclosure complaint because he was unaware that the complaint was allegedly served in Georgia (SAC ¶ 219) while he was in the Adams County Jail in Pennsylvania. (SAC ¶ 12). All Strausbaugh could allege in his motion was that he had not received "correspondences, orders, agreements,

12

responses, or etc.," and that he wanted "his right to defend" or an "opportunity to settle". Strausbaugh could not even offer a scintilla of evidence to support the issue of lack of service. On January 31, 2013 the Adams County Court denied his motion stating "Defendant provides no grounds on which [the foreclosure] judgement should be stricken". (Exhibit-20).

The SAC contains sufficient facts that Hogue prevented Strausbaugh from properly bringing an arguable and non-frivolous claim of lack of service in the Adams County Court.

FIRST SET OF FACTS:
1.) On January 17, 2012 Greentree filed a residential foreclosure against Strausbaugh for his property in New Oxford Pennsylvania. (SAC ¶ 25).
2.) On February 17, 2012 James Anthony averred that he served Strausbaugh "by handing a copy [of the foreclosure complaint] at the resident of the defendant(s) to an adult member of the family with whom he/she resides or to an adult person in charge of the residence because no adult family member was found." The affidavit further states the complaint was handed to "Kelvin Durden", "co-resident" at "513 McArthur Blvd., Warner Robins GA." (Exhibit-3).
3.) On February 24, 2012 Greentree filed the James Anthony affidavit of service in the Adams County Court. (Exhibit-4).
4.) From March 18, 2011 until July 2012 Strausbaugh was in the Adams County Jail in Pennsylvania. (SAC ¶ 12).

REASONABLE INFERENCE DRAWN FROM THE FIRST SET OF FACTS:
1.) Strausbaugh did not live in Georgia and could not have

13

been served there on February 17, 2012 because he was in a
Pennsylvania jail on that date.

SECOND SET OF FACTS:

1.) On September 2, 2011 a Notice of Default Right to Cure
Default letter was sent to Strausbaugh at the property address
in Pennsylvania (Exhibit-5), and at the Georgia Address.
(Exhibit-6).

2.) On January 4, 2012, Rebecca Anderson a representative for
the Plaintiff corporation signed a verification of
truthfulness of the foreclosure complaint and listed
Strausbaugh's address as the Pennsylvania property address.
(Exhibit-7).

3.) On January 17, 2012 a notice stating "you have been sued
in court" was filed in the Adams County Court listing
Strausbaugh's address as the Pennsylvania address. (Exhibit-
8).

4.) On January 23, 2012 the Adams County Sheriff attempted
service at the Pennsylvania property address, returning it as
not served, stating "the property appears to be vacant."
(Exhibit-9).

5.) On March 14, 2012 an "Important Notice" stating "you are
in default because you failed to enter a written
appearance...with the court..." was mailed to the Pennsylvania
property address (Exhibit-10), and the Georgia address.
(Exhibit-11).

6.) On July 18, 2012 an affidavit pursuant to Rule 3129 was
filed in the Adams County Court listing Strausbaugh's address
as the Georgia address. (Exhibit-12).

7.) On July 18, 2012 an Order for Judgement was filed in the Adams County Court listing Strausbaugh's address as the Georgia address. (Exhibit-13).

8.) On January 16, 2013 the Adams County Sheriff received a letter from KML Law Group stating that the Pennsylvania property can be sold as it has been properly served in accordance with Rule 3129. (Exhibit 14). Paragraph 2 of the 3129 Affidavit lists the Georgia address. (Exhibit-12).

REASONABLE INFERENCE DRAWN FROM THE SECOND SET OF FACTS AND PREVIOUS FACTS AND INFERENCES ABOVE:

1.) From Greentree's first notice of default in September 2011 through the writ of execution of the sale of Strausbaugh's property of July of 2012, he was completely unaware of: a.) the foreclosure action, b.) the default judgement, and c.) the writ of execution.

THIRD SET OF FACTS:

1.) The first notice of sheriff sale is addressed to Strausbaugh at the Pennsylvania property address. (Exhibit-15).

2.) The second notice of sheriff sale is a addressed to Strausbaugh at USP Tucson, Tucson, Arizona. (Exhibit-16).

3.) The affidavit of service of the sheriff sale was served by the Pima County Arizona Sheriff on October 16, 2012 by handing a copy directly to Strausbaugh at USP Tucson, Tucson, Arizona. (Exhibit-17).

REASONABLE INFERENCES DRAWN FROM THE THIRD SET OF FACTS AND

PREVIOUS FACTS AND INFERENCES ABOVE:

1.) October 16, 2012 was the first time Strausbaugh became aware that something was going on with his property in Pennsylvania.

2.) Strausbaugh was only aware that the sheriff was going to sell his property, not that the court had entered a default judgement against him.

FOURTH SET OF FACTS:

1.) On November 7, 2012 Strausbaugh sent a letter to Greentree requesting that they not cause the sale of his Pennsylvania property because he wanted to cure the debt. (SAC ¶ 35).

2.) Greentree never responded to Strausbaugh's effort to cure the debt. (SAC ¶ 38).

3.) On November 13, 2012 Strausbaugh filed a motion to postpone the November 16, 2012 sheriff sale of his property. (Exhibit-2).

4.) The motion to postpone stated the following reasons and request for relief:

    a.) Strausbaugh had means to satisfy if given the chance,

    b.) due process requires the Defendant be given the benefit to save his property by negotiating without burden of litigation, and

    c.) requested the relief of postponing the sale until the end of negotiations between plaintiff and defendant. (Exhibit-2, pg 2).

5.) On November 14, 2012 the Adams County Court ordered the sheriff sale postponed because the defendant alleged means of causing the debt to be satisfied to avoid the necessity of

sale. (Exhibit-18).

REASONABLE INFERENCE DRAWN FROM THE FOURTH SET OF FACTS AND
PREVIOUS FACTS AND INFERENCES ABOVE:

1.) The events between November 7th and November 14th reveal
that Strausbaugh was still unaware of: a.) the improper
service of the foreclosure complaint, b.) that a default
judgement was entered against him, and c.) how he got to the
point of the Sheriff selling his property.

FIFTH SET OF FACTS:

1.) In December 2012, Strausbaugh's mother contacted Hogue and
requested a copy of the case file be sent to him. (SAC ¶¶ 215,
215A).

2.) Hogue quoted a price for a copy of the file and accepted
payment. (SAC ¶ 215B).

    a.) Hogue never sent a copy of the file. (SAC ¶ 40).

3.) On February 11, 2013 Strausbaugh sent a motion to the
Adams County Court for an order to produce a copy of the case
file. (SAC ¶¶ 44, 216).

    a.) Hogue never docketed this motion. (SAC ¶¶ 44A, 281A).

4.) On March 8, 2013 Strausbaugh sent a second motion to the
Adams County Court for an order to produce a copy of the case
file. (SAC ¶¶ 45, 217).

    a.) Hogue never docketed this motion either. (SAC ¶¶ 45A,
218A).

5.) On March 19, 2013 Strausbaugh sent to the Pennsylvania
Superior Court a motion to
compel the Adams County Court to provide him with the copy of

the case file. (SAC ¶ 47).

REASONABLE INFERENCES DRAWN FROM THE FIFTH SET OF FACTS AND
PREVIOUS FACTS AND INFERENCES ABOVE:

1.) Strausbaugh was trying to get the case file to find out
how the Sheriff was able to sell his property because no one
had communicated to him that a foreclosure action existed
against him and Pennsylvania property.

SIXTH SET OF FACTS:

1.) The certified copy of the case file, signed by Hogue and
received by Strausbaugh in the beginning of May 2013 (SAC ¶¶
41, 41A, 219) contained the following:

   a.) The January 17, 2012 filing of a new real property -
residential mortgage foreclosure.

   b.) The February 24, 2012 filing of the James Anthony
affidavit of service averring that Strausbaugh was served in
Georgia.

   c.) The July 18, 2012 filing for a default judgement.

   d.) The July 18, 2012 filing for a writ of execution.

   e.) The July 18, 2012 filing of a judgement in favor of
Greentree against Strausbaugh in the amount of $275,755.07;
judgement type, default.

   f.) The July 18, 2012 filing of a praecipe for judgement
(important notice attached) notice of entry of judgement
given to Def(s) by regular mail on 7/19/12.

   g.) The July 18, 2012 filing of a praecipe for a writ of
execution (mortgage foreclosure) writ issued.

REASONABLE INFERENCE DRAWN FROM THE SIXTH SET OF FACTS AND
PREVIOUS FACTS AND INFERENCE ABOVE:

1.) Had Hogue given Strausbaugh a copy of the case file in
December 2012 when it was first requested and paid for, he
would have discovered:

    a.) Greentree filed a foreclosure action against
Strausbaugh on January 17, 2012.

    b.) Greentree claimed that Strausbaugh was served in
Georgia on February 17, 2012.

    c.) Greentree obtained a default judgment on July 18,
2012.

    d.) It was the July 18, 2012 default judgment that gave
the sheriff the ability to sell Strausbaugh's property.


SEVENTH SET OF FACTS:

1.) On February 21, 2013 the deed to Strausbaugh's property
was transferred to Federal National Mortgage Association.
(Exhibit-21).

2.) Hogue sent Strausbaugh a certified copy of the case file
on April 25, 2013. (SAC ¶ 50).

3.) Strausbaugh received a copy of the file in the beginning
of May 2013. (SAC ¶ 50A).


REASONABLE INFERENCE DRAWN FROM THE SEVENTH SET OF FACTS AND
PREVIOUS FACTS AND INFERENCES ABOVE:

1.) Strausbaugh did not receive the file in time to make or
support the claim that he was not served in the foreclosure
action in his January 29, 2013 motion to annul the final
judgement.

2.) Strausbaugh did not receive the file in time to make the claim that he was not served in the foreclosure action in a second motion to strike the judgment or a motion to set aside the sheriff sale.

FINAL REASONABLE INFERENCE DRAWN FROM ALL FACTS AND INFERENCES ABOVE:

1.) Strausbaugh had an arguable and non-frivolous claim against the default judgment (that he was not served in the foreclosure action) that was lost because Hogue intentionally deprived him of access to the case file which contained all information needed to support or file the claim in his January 29, 2013 motion to annul the final judgment, a second motion to strike the judgment or a motion to set aside the sheriff sale.

Pennsylvania law requires a defendant requesting to open a default judgement to 1.) promptly file a petition to that effect, 2.) plead a meritorious defense to the claims raised in the complaint, and 3.) provide a reasonable excuse for not filing a responsive pleading. Wells Fargo Bank N.A. v. Vanmeter, 67 A.3d 14, 17 (Pa. Super. 2013).

Had Hogue given Strausbaugh the case file in December 2012, he would have had the information contained in it before the January 18, 2013 sheriff sale, so he could have promptly filed a petition to open the default judgement. Because he did not know that Greentree alleged that they served him in Georgia while he was in a Pennsylvania jail, he did not file the petition before the sheriff sale. Strausbaugh did however file a petition to annul the final judgement eleven days after

the sheriff sale. In that motion he could not plead a meritorious defense to the foreclosure complaint or provide a reasonable excuse for not filing a responsive pleading because he did not know about the alleged service in Georgia.

Since his motion to annul was filed after the sheriff sale, granting that motion would have necessarily stricken the sale. Pennsylvania Rules of Civil Procedure, Rule 3132 dictates that a petition to set aside a sheriff sale must be brought before the sheriff's deed is delivered. Since the deed was delivered to Federal National Mortgage Association on February 21, 2013, and since Hogue did not send the file until April 24, 2013, Strausbaugh could not properly support the motion to set aside the sheriff sale either. The only type of challenge to a sheriff sale after a deed is delivered is that based on fraud. MERS, Inc c. Ralich, 982 A.2d 77, 80 (Pa. Super. 2009). While Strausbaugh has alleged in the SAC that Defendants James Anthony, Greentree, and/or the KML Defendants committed fraud when the affidavit of service was written (SAC ¶ 28) and/or submitted to the Adams County Court, (SAC ¶ 29) he will not able to prove this allegation until after discovery.

Therefore, Hogue's intentional action of depriving Strausbaugh of the case file from December 2012 through the beginning of May 2013 prevented him from pleading his meritorious defense (that Greentree failed to serve the complaint and thus the court lacked personal jurisdiction) and providing the reasonable excuse for not filing a responsive pleading (that he was not served and was unaware of the action).

21

III.  OBJECTION TO THE MAGISTRATE'S RECOMMENDATION
      THAT THIS COURT DENY LEAVE TO AMEND.


Strausbaugh objects to the Magistrate's finding that 1.)
he has been granted leave to amend on two separate occasions,
and 2.) despite the Court alerting him to the problems, he
failed to cure the complaint's pleading, and jurisdictional
deficiencies.

Judge Robert D. Mariani of the Middle District of
Pennsylvania recognized that "even if a 'complaint is subject
to a Rule 12(b)(6) dismissal, a district court must permit
curative amendment unless an amendment would be inequitable or
futile'". Salvator v. Blue Cross of Northeastern Pa., 2014 US
Dist. LEXIS 130212 (M.D.Pa. 2014) citing Phillips v. Cnty of
Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Magistrate
Mehalchick suggests that amendment would be futile because
Strausbaugh was granted leave to amend on two separate
occasions (Doc 33 & 48), and despite the Court alerting him to
the problem with his pleadings he failed to cure the complaint
(R&R at 26).

Strausbaugh would note that the first leave to amend (Doc
33) was granted after Mehalchick recommended dismissal with
prejudice on prescreening because the Court lacked subject
matter jurisdiction, the First Amendment access to the court
claim failed to state a claim, inter alia. (Doc 31). On
Objection, Strausbaugh presented a declaration containing
twelve reasons why he is domiciled in Arizona and did not
intend to return to Pennsylvania. Strausbaugh made additional

objections on the basis that the complaint sufficiently
alleged an actual injury for the access to court claim. In
this Court's order (Doc 33) the focus was the subject matter
jurisdiction and Strausbaugh was under the impression that the
information contained in his declaration would cure the
deficiencies and all other claims were sufficient as alleged
in the complaint because the order did not mention those
objections. Additionally, Strausbaugh's first amended
complaint passed Mehalchick's prescreening even though the
record seems devoid of any indication that a prescreening
occurred. (Doc 36).

Strausbaugh's second leave to amend was granted for the
purpose of correcting the title of Defendant Lori Hogue after
her counsel made Strausbaugh aware that his FAC incorrectly
referred to her as "the prothonotary" versus "deputy
prothonotary". (Doc 47). When leave was granted for the second
time Strausbaugh was not alerted by the Court of any
deficiencies, thus none were corrected under this Court's
direction.

After the SAC became the operative complaint, the
Defendants each moved to dismiss, however, Strausbaugh was not
alerted that he could amend instead of opposing the motion to
dismiss. When a Plaintiff does not seek leave to amend a
deficient complaint after a Defendant moves to dismiss it, the
Court must inform the Plaintiff that he has leave to amend
within a set period of time unless the amendment would be
inequitable or futile. Grayson v. Mayview State Hospital, 293
F.3d 101, 108 (3d Cir. 2001). Absent inequity or futility and
failure to follow these principals would be an abuse of

discretion. It cannot be said that Strausbaugh's receipt of Defendant's motion to dismiss and the Magistrate Judge's recommendation constitutes the fundamental equivalent of this notice. The motion and recommendation apprises Strausbaugh of the pleading's deficiencies, but fails to inform him "expressly" that he could amend the complaint to fix the problem. Therefore if this Court finds the SAC deficient, it should grant leave to amend due to the Magistrate's failure to inform Strausbaugh that he had the right to amend versus opposing the Motion to dismiss.

Strausbaugh believes that his SAC sufficiently supports the claims raised therein as stated in Sect.I and Sect.II above. In the event that this Court determines that the SAC fails to support the claims but all facts and inferences contained in this objection would cure these deficiencies, Strausbaugh presents that amendment would not be futile. And since this case is in the preliminary stages and the Defendants have not thus far had an extensive burden, amendment would not be inequitable.

IV.  CONCLUSION.

Based on the foregoing, Strausbaugh requests this Court to decline to adopt the Magistrate's R&R in full and grant all relief deemed appropriate.

Submitted on this, the 27th day of August, 2018.

Respectfully,



Michael Strausbaugh

Reg. No. 69878-067

United States Penitentiary, Tucson

Post Office Box 24550

Tucson, Arizona  85734

CERTIFICATE OF SERVICE

    I certify that all interested parties were served with the foregoing on this the 27th day of _August_ , 2018 and that I placed said in the prison legal mail system on the same date.

Defendant Lori Hogue

Attorney Todd A. King

Service through CM/ECF

Defendant Greentree Servicing LLC.

Attorney Alexis G. Cocco

Service through CM/ECF

Defendant KML, Jenkins, and Fein

Attorney James C. Warmbrodt

701 Market St., Ste. 5000

Philadelphia, Pennsylvania 19106

Respectfully,

Michael Strausbaugh

# EXHIBIT
# 1
## (SEALED)

GREEN TREE SERVICING, LLC,     *     IN THE COURT OF COMMON PLEAS

7360 S. KYRENE ROAD,           *          OF ADAMS COUNTY

MAIL STOP: T-208,              *

TEMPE, AZ.        85283,       *     CIV. ACTION - LAW

              Plaintiff,       *

Vs.                            *     ACTION OF MORTGAGE

MICHAEL STRAUSBAUGH et al,     *     FORECLOSURE

#69878-067  USP TUCSON,        *

POST OFFICE BOS #24550,        *

TUCSON, AZ.       85734,       *     DOCKET NO. 2012-SU-71

              Defendants.      *

2012 NOV 13 AM 11 10
FILED PROTHONOTARY

### PETITION TO POSTPONE THE NOVEMBER 16TH 2012 SALE

Comes now the Defendant, Michael Strausbaugh [PRO-SE] in the above captioned cause, and petitions this Honorable Court to postpone the sale of Defendants home pending Defendant's current litigation[s] and negotiations with the Plaintiff in this cause to satisfy all existing discrepancies.

Defendant received notice that his home located at 1946 E. Berlin Road., New Oxford, Pennsylvania, 17350, is to be sold by the Sheriff's Office on November 16th, 2012 at 10:00 A.M. in this Honorable Court to satisfy a judgment [Mortgage] of $275,755.07, etc., which was incurred by Plaintiff.[See, the Attached Notice.]

Defendant[s] were arrested on March 18th, 2011 and sentenced to imprisonment on October 26th, 2011.

A possibility exists that Defendant[s] conviction[s] will be overturned resulting in near future liberty, and Defendant would request that no sale take place atleast until

Exhibit - 2

the end of criminal litigation, if the Mortgage debt is not being satisfied by then.

Defendant also has means of causing the satisfaction of the existing debt complained of herein - if given the chance - which would be more beneficial to Plaintiff's as they would eventually receive in full what they are entitled, Versus a strong possibility that Plaintiff may substantially loose in not receiving "in full what is due" from a sale of the property "to the highest bidder". Certainly, the Plaintiff would not be prejudiced in this sence; of course if they agree.

Defendant would also like to bring before this Honorable Court that the Fifth Amendment of the United States Constitution in pertinent part provides that, "...No person shall be deprived of ... Property... without due process of the law."

This Honorable Court's instant action is infact a due process proceeding which requires Defendant be given the benefit he now seeks to save his property, in the interests of justice.

In furtherance, due process, in this type proceeding, allows the parties to negotiate and conclude a reasonable remedy to the problem at hand, without litigation and burdening this Honorable Court.

Wherefore, Premises considered, Defendant respectfully moves this Honorable Court to postpone the November 16, 2012 sale of his home, until the end of criminal litigation[s] and/or current negotiations between the Defendant and Plaintiff.

Respectfully Submitted,

On this the 7th, day of November, 2012.

Michael Strausbaugh. Reg.No.69878-067

United States Penitentiary, Tucson

Post Office Box #24550

Tucson, Arizona.                    85734


## CERTIFICATE OF SERVICE

I do hereby certify that I have served a true copy of
the foregoing upon the Plaintiff's Green Tree Servicing, LLC,
at 7360 S. Kyrene Road, Mail Stop: T-208, Tempe, Arizona,
85283, The Plaintiff's attorneys, KML Law Group, P.C., STE-
5000-BNY Independence Center, 701 Market Street, Philadelphia,
Pennsylvania, 19106, and an original copy of the same to this
Court of Common Pleas of Adams County, at 117 Baltimore St,
Gettysburg, Pennsylvania., 17325, by placing said in the
Prisons U.S. Legal Mail System, first class postage prepaid
and properly addressed on this the 7th day of Novemner, 2012.

Michael Strausbaugh. Reg. No.69878-067

United States Penitentiary, Tucson

Post Office Box #24550

Tucson, Arizona.               85734

IN THE COMMON PLEAS COURT OF ADAMS COUNTY PENNSYLVANIA

**GREEN TREE SERVICING, LLC; et seq.**
Plaintiff (Petitioner)

v.

**REBECCA STRAUSBAUGH; et al.**
Defendant (Respondent)

CASE and/or DOCKET No.: 2012-SU-71

Sheriff's Sale Date: _____

### AFFIDAVIT OF SERVICE

☑ Complaint   ☐ Summons   ☐ Other: _____

I, _James Anthony_, certify that I am eighteen years of age or older and that I am not a party to the action nor an employee nor relative of a party, and that I attempted to serve REBECCA STRAUSBAUGH the above process on the _17_ day of _February_, 20_12_, at _8:05_ o'clock, _A_-M, at 513 MCARTHUR BOULEVARD WARNER ROBINS, GA 31093

Manner of Service:

By handing a copy to:

☐ An officer, partner, trustee, or registered agent of the Defendant organization who is not a plaintiff in the action *

☐ The manager, clerk, or other person for the time being in charge of a regular place of business or activity of the Defendant organization who is not a plaintiff in the action *

☐ An agent authorized by the Defendant organization in writing to receive service of process for it who is not a plaintiff in the action *

☐ By handing a copy to the Defendant(s)

☑ By handing a copy at the residence of the Defendant(s) to an adult member of the family with whom he/she resides or to the adult person in charge of the residence because no adult family member was found *

☐ By handing a copy at the residence of the Defendant(s) to the clerk or manager of the hotel, inn, apartment house or other place of lodging at which he/she resides *

☐ By handing a copy at the office or usual place of business of the Defendant(s) to the Defendant(s's) agent or to the person for the time being in charge thereof *

☐ By posting a copy of the original process on the most public part of the property pursuant to an order of court

* Name: _Kelvin Durden_
Relationship/Title/Position: _coresident_
Remarks: _____
Description: Approximate Age _45_ Height _6'_ Weight _200_ Race _Wh_ Sex _male_ Hair _Brown_

Defendant was not served because: ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant

☐ Other: _____

Service was attempted on the following dates/times:

1) _____   2) _____   3) _____

Commonwealth/State of _Georgia_  )
                                  ) SS:
County of _Muscogee_              )

Before me, the undersigned notary public, this day, personally, appeared _James Anthony_ to me known, who being duly sworn according to law, deposes the following:

I hereby swear or affirm that the facts set forth in the foregoing Affidavit of Service are true and correct.

_____
(Signature of Affiant)

File Number:109661FC

Subscribed and sworn to before me this _17_ day of _February_, 20_12_

_____
Notary Public

KENNETH LOW VICTOR
MY COMMISSION EXPIRES
NOTARY PUBLIC
JAN. 13
MUSCOGEE COUNTY GEORGIA

Exhibit - 3

*Michaels Copy*

Green Tree Servicing LLC  vs.  Rebecca Strausbaugh, et al

Mortgage Foreclosure

| Date | | Judge |
|---|---|---|
| 1/17/2012 | New Real Property - Residential Mortgage Foreclosure filed. | |
| | Filing: Mortgage Foreclosure   Paid by: KML Law   Receipt number: 0093962  Dated: 1/17/2012  Amount: $138.00 (Check) For: Green Tree Servicing LLC (plaintiff) | |
| 1/24/2012 | Sheriff Return of Service filed.  (Complaint)  (Costs: $50.70)  (no service) | |
| 2/24/2012 | Affidavit of Service filed.  (Complaint) | |
| 7/18/2012 | Filing: Judgment by default   Paid by: KML Law Group  Receipt number: 0099493  Dated: 7/18/2012  Amount: $17.00 (Check) For: Green Tree Servicing LLC (plaintiff) | |
| | Filing: Writ of Execution   Paid by: KML Law Group  Receipt number: 0099493  Dated: 7/18/2012  Amount: $29.00 (Check) For: Green Tree Servicing LLC (plaintiff) | |
| | Judgment entered in favor of Plff against Dfdt in the amount of $275,755.07 order date: 7/18/2012<br>Judgment type: Default<br>Disposition type: Open<br>Parties on judgment: Strausbaugh, Michael J, Defendant; Strausbaugh, Rebecca, Defendant; Green Tree Servicing LLC, Plaintiff(in favor) | |
| | Praecipe for Judgment filed.  (Important Notice attached.)<br>Notice of entry of Judgment given to Def(s) by regular mail on 7/19/12 | |
| | Civil Other Default Judgment.  (Used for AOPC statistical reporting purpose.) | |
| | Praecipe for Writ of Execution (Mortgage Foreclosure) P.R.C.P. 3180-3183 filed.<br>Writ issued. | |
| 11/13/2012 | Petition to Postpone The November 16th 2012 Sale filed. | |
| 11/14/2012 | Order of Court filed.  (AND NOW the petition of Defendants alleging Defendants have the means to cause the debt to be satisfied, the Sheriff Sale in this matter is postponed until January 18, 2013 as stated.)  (Cert. copies to Jill Jenkins, Esq., Rebecca Strausbaugh, Michael Strausbaugh by regular mail on 11-16-12.) | Thomas R. Campbell |
| 1/18/2013 | Certificate of Service Pursuant to Pa.R.C.P. 3129.2 (c) (2) filed. | |
| 1/29/2013 | Defendants Formal Objection; Motion For Reconsideration and Annulment of Final Judgment in this Cause (cert. of serv. attached) filed. Sent to Judge Campbell. | |
| 1/31/2013 | Order of Court filed.  (It is Ordered that the Motion for Reconsideration is denied as stated.)  (Cert. copies to Atty. J. Jenkins, R. Strausbaugh and M. Strausbaugh by regular mail on 2-1-13.) | Thomas R. Campbell |
| 2/5/2013 | Motion to Hold Proceedings in Abeyance (Cert. of Service attached) filed. Sent to Judge Campbell. | Thomas R. Campbell |
| | Notice of Appeal (Cert. of Service Attached) filed. Sent to Judge Campbell. | Thomas R. Campbell |
| 2/11/2013 | Opinion Pursuant To Pa.R.A.C. 1925(a) filed.  (Cert. copies to Atty. J. Jenkins, Defendants by regular, Ct. Admin, LJ, D&C reports, media by courthouse mail on 2-12-13.) | Thomas R. Campbell |

Exhibit - 4

Date: 4/25/2013
Time: 09:22 AM
Page 2 of 3

Adams County Court of Common Pleas
ROA Report
Case: 2012-SU-0000071
Current Judge: Thomas R. Campbell

User: LAMBROSE

Green Tree Servicing LLC  vs.  Rebecca Strausbaugh, et al

Mortgage Foreclosure

| Date | | Judge |
| --- | --- | --- |
| 2/21/2013 | Filing: Acknowledgment of Sheriff or Tax Claim   Paid by: Adams County Sheriff's Dept.  Receipt number: 0105637  Dated: 2/21/2013  Amount: $10.50 (Check)  For: Green Tree Servicing LLC (plaintiff) | Thomas R. Campbell |
| | Filing: Satisfaction   Paid by: Adams County Sheriff's Dept.  Receipt number: 0105637  Dated: 2/21/2013  Amount: $10.00 (Check)  For: Green Tree Servicing LLC (plaintiff) | Thomas R. Campbell |
| | Filing: Search of Lien   Paid by: Adams County Sheriff's Dept.  Receipt number: 0105637  Dated: 2/21/2013  Amount: $135.00 (Check)  For: Green Tree Servicing LLC (plaintiff) | Thomas R. Campbell |
| | Sheriff's Distribution filed. | Thomas R. Campbell |
| 2/25/2013 | Plaintiff's Response To Defendant Michael J. .Strausbaugh's Motion To Hold Proceedings In Abeyance filed.  (Cert. of service attached)  (placed in Judge Campbell's tray) | Thomas R. Campbell |
| 2/26/2013 | Order filed.   AND NOW, this 26th day of February, 2013, upon consideration of Plaintiff's Response to Defendant Michael J. Strausbaugh's Motion to Hold Proceedings in Abeyance it is hereby ORDERED that this Court presently lacks jurisdiction over Defendant's Motion to Hold Proceedings in Abeyance.  Defendant's Motion to Hold Proceedings in Abeyance was filed with the Superior Court of Pennsylvania, Middle District.  This Court addressed all issues raised by Defendant in an Opinion dated February 11, 2013 and filed with the Superior Court in accordance with Pennsylvania Rule of Appellate Procedure 1925(a).  BY THE COURT:  /s/ Thomas R. Campbell, Judge  Cert. copies to Atty D. Fein & Defs by regular mail on 2-27-13. | Thomas R. Campbell |
| 2/27/2013 | Letter from Defendant regarding documents filed. | Thomas R. Campbell |
| | Request for Superior Court Rules filed.  (Cert of service attached) | Thomas R. Campbell |
| | Motion for Judicial Acknowledgement and leave to consolidate filed. (cert of service attached) | Thomas R. Campbell |
| | Notice of Appeal filed.  (Cert of service attached) | Thomas R. Campbell |
| | Motion to hold proceedings in Abeyance filed.  (Cert of service attached) | Thomas R. Campbell |
| | Motion for Leave to proceed in Forma Pauperis filed.  (cert of service attached) | Thomas R. Campbell |
| | Notice of Appeal filed.  (Certificate of Service attached) | Thomas R. Campbell |
| 3/4/2013 | Order of Court filed.  (Defendant is hereby directed to file a Concise Statement of Matters Complained of an Appeal no later then 21 days as stated in order of court) | Thomas R. Campbell |
| 3/5/2013 | Motion to Stay the January 18th 2013 Final Judgement filed.  (cert of service attached) | Thomas R. Campbell |
| | Motion for Leave to Proceed in Forma Pauperis filed.  (cert of service attached) | Thomas R. Campbell |
| | Defendants Reply Response to Plaintiffs Response to Defendant Michael J. Strausbaughs Motion to hold proceedings in Abeyance filed.  (cert of service attached) | Thomas R. Campbell |
| | Motion to be recognized in this Court under Pro-Se Status filed.  (cert of service attached) | Thomas R. Campbell |

Date: 4/25/2013
Time: 09:22 AM
Page 3 of 3

Adams County Court of Common Pleas

ROA Report

Case: 2012-SU-0000071

Current Judge: Thomas R. Campbell

User: LAMBROSE

Green Tree Servicing LLC vs. Rebecca Strausbaugh, et al

Mortgage Foreclosure

| Date | | Judge |
|------|--|-------|
| 3/5/2013 | Order of Court filed. (IFP is granted) | Thomas R. Campbell |
| 3/14/2013 | Plaintiff's Opposition To Defendant's Motion To Stay Final Judgment filed. (Cert. of service attached) | Thomas R. Campbell |
| | Docket Sheet from Superior Court filed. (461 MDA 2013) | Thomas R. Campbell |
| | Docket Sheet from Superior Court filed. (462 MDA 2013) | Thomas R. Campbell |
| /15/2013 | Order of Court filed. (It is hereby Ordered that the Motion to Stay is denied as stated.) (Cert. copies to Atty D. Fein, Defs & Superior Court Prothy by regular mail on 3-18-13.) | Thomas R. Campbell |
| /25/2013 | Defendants Objection to Plaintiffs Opposition to Deny Defendants Motion to Stay Final Judgment (Cert of Service attached) filed. Sent to Judge Campbell. | Thomas R. Campbell |
| | Notice of Concise Statement of Appellate Isskues and Preservation of Right to Supplement (Cert. of Service attached) filed. Sent to Judge Campbell. | Thomas R. Campbell |
| | Corrected Appeal Docket Sheet from Superior Court filed. | Thomas R. Campbell |
| 3/27/2013 | Supplemental Opinion Pursuant to Pa. R.C.P. 1925(a) filed. | Thomas R. Campbell |
| /1/2013 | Notice of Appeal and Stay filed. (certificate of service attached) | Thomas R. Campbell |
| | Motion to file out of time appeal under extraordinary circumstances filed. (cert of service attached) | Thomas R. Campbell |
| | Motion to stay July 18, 2012 final Judgment of the Adams County Court of Common Pleas of Gettysburg PA filed. (Cert of service attached) | Thomas R. Campbell |
| 4/3/2013 | Order of Court filed. (It is hereby Ordered that the Adams County Prothonotary is directed to produce and serve on Appellant certified copies of all documents filed of record in this case as well as the current and updated docketing statement. Costs to be paid by the County.) (Cert. copies to Atty D. Fein, Defs & Superior Court Prothy by regular mail on 4-4-13.) | Thomas R. Campbell |
| | Opinion Pursuant to Pa. R.A.P. 1925(a) filed. | Thomas R. Campbell |
| 4/9/2013 | Plaintiff's Response To Defendant Michael J. Strausbaugh's Motions To Stay July 18, 2012 Final Judgment of the Adams County Court of Common Pleas of Gettysburg Pennsylvania and To Stay the January 18, 2013 Final Judgment filed. (Cert. of service attached) | Thomas R. Campbell |
| /18/2013 | Appellants response in opposition to the supplemental opinion pursuant to pa.r.a.p.1925(a) of the court of common pleas of adams county pa filed. (cert of service attached) | Thomas R. Campbell |
| /24/2013 | Appellants responsde in opposition to the April 3, 2013 Opinion pursuant to R.A.P. 1925 (a) of the court of common pleas of Adams County PA filed. | Thomas R. Campbell |
| /25/2013 | List of Items comprising this record given by regular mail to Michael Strausbaugh Defendant pro se and KML Law Group attention Michael McKeever, Esquire atty for the Plaintiff. | Thomas R. Campbell |

4-25-20 13. This being a true and attested copy taken from and compared with the original

Attest:

*Lori Hogue*

Deputy Prothonotary


| NOTICE OF DEFAULT<br>AND<br>RIGHT TO CURE DEFAULT |
|---|

relationships that work

# green tree

Date of Notice: 09/02/2011        Certified Mail Receipt No. 71067112169016698337

Michael J. Strausbaugh        Green Tree Servicing LLC
1946 E Berlin Rd        1400 Turbine Drive Suite #200
New Oxford, PA 17350-9633        Rapid City, SD 57703
       800-643-0202

Account No        Creditor: Green Tree Servicing LLC

Brief identification of credit transaction: Loan Secured By Real Property

Dear Borrower:

You are now in default on the above-referenced credit transaction. You have the right to correct this default within thirty (30) days from the date of this Notice.

If you cure the default, you may continue with the contract as though you did not default.

Your default consists of: Failure to submit your monthly payments due 07/01/2011 through 09/01/2011.

Cure of default: Within thirty (30) days from the date of this notice you may cure your default by sending the total amount of $3,344.15 or you may cure your default by completing a modification or repayment agreement arranged through Green Tree Servicing LLC ("Green Tree") by contacting the Collection Department at the above-referenced address.

Creditor's Rights: If you do not cure your default in the time allowed by taking action as stated above, the creditor may exercise any or all of our remedies provided by law and in your Note. These remedies may include foreclosure on the real property securing the loan. You may be held personally liable under state law, if any, for any deficiency balance not realized from the sale of the property.

If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us. You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of borrower to acceleration and sale.

If this default is not cured, Green Tree will report the defaulted loan to any appropriate credit reporting agency.

If you have any questions, contact Green Tree at 800-643-0202 (phone) or 866-210-6192 (fax) Monday through Friday between the hours of 8 a.m. and 6 p.m. Mountain Time. You may also contact Green Tree in writing at the above-referenced address.

If this default is caused by your failure to make payments, and you want to pay by mail, send a certified check, money order or cashier's check. DO NOT SEND CASH.

If you are unable to cure the default due to an involuntary loss of employment or other reason, counseling assistance may be available to you from certain agencies that are HUD-approved mortgage counseling agencies. You may contact us to get the name of the mortgage counseling agency that is closest to you.

Sincerely,

Green Tree
Home Equity Division



This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.

Exhibit - 5

X

X

| NOTICE OF DEFAULT |
| AND |
| RIGHT TO CURE DEFAULT |

relationships that work
# green tree

Date of Notice: 09/02/2011

Certified Mail Receipt No. 71067112169016698320

Michael J. Strausbaugh
513 McArthur Blvd
Warner Robins, GA 31093-3219

Green Tree Servicing LLC
1400 Turbine Drive Suite #200
Rapid City, SD 57703
800-643-0202

Account No.

Creditor: Green Tree Servicing LLC

Brief identification of credit transaction: Loan Secured By Real Property

Dear Borrower:

You are now in default on the above-referenced credit transaction. You have the right to correct this default within thirty (30) days from the date of this Notice.

If you cure the default, you may continue with the contract as though you did not default.

Your default consists of: **Failure to submit your monthly payments due 07/01/2011 through 09/01/2011.**

Cure of default: Within thirty (30) days from the date of this notice you may cure your default by sending the total amount of $3,344.15 or you may cure your default by completing a modification or repayment agreement arranged through Green Tree Servicing LLC ("Green Tree") by contacting the Collection Department at the above-referenced address.

Creditor's Rights: If you do not cure your default in the time allowed by law by taking action as stated above, the creditor may exercise any or all of our remedies provided by law and in your Note. These remedies may include foreclosure on the real property securing the loan. You may be held personally liable under state law, if any, for any deficiency balance not realized from the sale of the property.

If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us. You have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of borrower to acceleration and sale.

If this default is not cured, Green Tree will report the defaulted loan to any appropriate credit reporting agency.

If you have any questions, contact Green Tree at 800-643-0202 (phone) or 865-210-6192 (fax) Monday through Friday between the hours of 8 a.m. and 6 p.m. Mountain Time. You may also contact Green Tree in writing at the above-referenced address.

If this default is caused by your failure to make payments, and you want to pay by mail, send a certified check, money order or cashier's check. DO NOT SEND CASH.

If you are unable to cure the default due to an involuntary loss of employment or other reason, counseling assistance may be available to you from certain agencies that are HUD-approved mortgage counseling agencies. You may contact us to get the name of the mortgage counseling agency that is closest to you.

Sincerely,

Green Tree
Home Equity Division

This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.

Multi-State NOD

07/07

RETURN RECEIPT REQUESTED
USPS MAIL CARRIER
DETACH ALONG PERFORATION

RETURN RECEIPT REQUESTED
USPS MAIL CARRIER
DETACH ALONG PERFORATION

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                    ☐ Agent
                                     ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type    CERTIFIED MAIL
4. Restricted Delivery? (Extra Fee)    ☐ Yes
1. Article Addressed to:

Green Tree Servicing LLC
Tempe
7360 South Kyrene Rd
Tempe, AZ 85283-4583

PS Form 3811, July 2001    Domestic Return Receipt

07/07

Exhibit #6

## VERIFICATION

*Rebecca Anderson*, as the representative of the Plaintiff corporation within named do hereby verify that I am authorized to and do make this verification on behalf of the Plaintiff corporation and the facts set forth in the foregoing Complaint are true and correct to the best of my information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Date: Jan 4. 2012

*Rebecca Anderson*

#109661FC - REBECCA STRAUSBAUGH and MICHAEL J. STRAUSBAUGH
1946 E. Berlin Road New Oxford, PA 17350

Exhibit #7

**KML LAW GROUP, P.C.**
SUITE 5000—BNY MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA, PA 19106
(866) 413-2311
WWW.KMLLAWGROUP.COM

GREEN TREE SERVICING, LLC
7360 S. Kyrene Road
Mail Stop: T-208
Tempe, AZ 85283

               *Plaintiff*

           vs.

REBECCA STRAUSBAUGH
MICHAEL J. STRAUSBAUGH
Mortgagor(s) and Record Owner(s)
1946 E. Berlin Road
New Oxford, PA 17350

             *Defendant(s)*

FILED
PROTHONOTARY

2012 JAN 17 AM 11 17

IN THE COURT OF COMMON PLEAS

OF Adams COUNTY

CIVIL ACTION - LAW

ACTION OF MORTGAGE FORECLOSURE

12-54-71

CIVIL ACTION: MORTGAGE FORECLOSURE

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claim in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LEGAL SERVICES INC.
432 S. Washington St.
Gettysburg, PA 17325
717-334-7623

PENNSYLVANIA BAR ASSOCIATION
P.O. Box 186
Harrisburg, PA 17108
800-692-7375

## AVISO

    Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

    LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Exhibit #8

DATE RECEIVED                                                           DATE PROCESSED

# SHERIFF'S DEPARTMENT
## ADAMS COUNTY, PENNSYLVANIA
### COURTHOUSE, GETTYSBURG, PA 17325

| SHERIFF SERVICE<br>PROCESS RECEIPT, and AFFIDAVIT OF RETURN | INSTRUCTIONS: See "INSTRUCTIONS FOR SERVICE OF PROCESS BY THE SHERIFF" on the reverse of the last (No. 5) copy of this form. Please type or print legibly, insuring readability of all copies. Do not detach any copies. ACSD ENV. |
|---|---|

1. PLAINTIFF/S/ *Green Tree Servicing, LLC*   2. COURT NUMBER *12-S4-71*

3. DEFENDANT/S/ *Strausbaugh, Michael J. & Rebecca*   4. TYPE OF WRIT OR COMPLAINT *Mortgage Foreclosure*

**SERVE** ➡ 5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE OR DESCRIPTION OF PROPERTY TO BE LEVIED, ATTACHED OR SOLD.
*Michael J. Strausbaugh*

**AT** 6. ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP CODE)
*1946 E. Berlin Road, New Oxford, PA 17350*

7. INDICATE UNUSUAL SERVICE: ☒ PERSONAL ☒ PERSON IN CHARGE ☐ DEPUTIZE ☐ CERT. MAIL ☐ REGISTERED MAIL ☐ POSTED ☐ OTHER

Now, _____, I, SHERIFF OF ADAMS COUNTY, PA.; do hereby deputize the Sheriff of
_____ County to execute this Writ and make return therof according to law. This deputation being
made at the request and risk of the plaintiff. _____

<div align="right">SHERIFF OF ADAMS COUNTY</div>

8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE.

NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN—Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

| 9. SIGNATURE of ATTORNEY or other ORIGINATOR requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT<br>*Lisa L. Davis* | 10. TELEPHONE NUMBER<br>215-627-1322 | 11. DATE<br>1/13/12 |
|---|---|---|

### SPACE BELOW FOR USE OF SHERIFF ONLY — DO NOT WRITE BELOW THIS LINE

| 12. I acknowledge receipt of the writ or complaint as indicated above. | SIGNATURE of Authorized ACSD Deputy or Clerk and Title | 13. Date Received<br>1/17/2012 | 14. Expiration / Hearing date |
|---|---|---|---|

15. I hereby CERTIFY and RETURN that I ☐ have personally served, ☐ have served person in charge, ☐ have legal evidence of service as shown in "Remarks" (on reverse) ☐ have posted the above described property with the writ or complaint described on the individual, company; corporation, etc., at the address shown above or on the individual, company, corporation, etc., at the address inserted below by handing/or Posting a TRUE and ATTESTED COPY therof.

16. ☒ I hereby certify and return a NOT FOUND because I am unable to locate the individual, company, corporation, etc., named above. (See remarks below)

| 17. Name and title of individual served | 18. A person of suitable age and discretion then residing in the defendant's usual place of abode. ☐ | Read Order ☐ |
|---|---|---|

19. Address of where served (complete only if different than shown above) (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP CODE)

**REMARKS: Defendant does not reside at the above listed address. The property appears to be vacant.**

| | | 20. Date of Service | 21. Time |
|---|---|---|---|

| 22. ATTEMPTS | Date | Miles | Dep.Int. | Date | Miles | Dep.Int. | Date | Miles | Dep.Int. | Date | Miles | Dep.Int. | Date | Miles | Dep.Int. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23. Advance Costs | 24. | | | 25. | | | 26. | | | 27. Total Costs | | | 28. COST DUE OR REFUND | | |

SO ANSWER.

AFFIRMED and subscribed to before me this ___ N/A ___

day of _____

| By (Deputy Dep. Sheriff (Please Print or Type)<br>Shane Shultz | Date<br>1/23/2012 |
|---|---|
| Signature of Sheriff<br>JAMES W. MULLER | Date<br>1/23/2012 |

_____ Prothonotary/Deputy/Notary Public

MY COMMISSION EXPIRES

SHERIFF OF ADAMS COUNTY

| I ACKNOWLEDGE RECEIPT OF THE SHERIFF'S RETURN SIGNATURE OF AUTHORIZED ISSUING AUTHORITY AND TITLE. | 39. Date Received |
|---|---|

PROTHONOTARY

<div align="right">Exhibit #9</div>

THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

DATE OF THIS NOTICE: March 14, 2012

TO:

    MICHAEL J. STRAUSBAUGH
    1946 E. Berlin Road
    New Oxford, PA 17350

GREEN TREE SERVICING, LLC
7360 S. Kyrene Road
Mail Stop: T-208
Tempe, AZ 85283 *Plaintiff*
    vs.
REBECCA STRAUSBAUGH
MICHAEL J. STRAUSBAUGH
(Mortgagor(s) *and* Record Owner(s))
1946 E. Berlin Road
New Oxford, PA 17350

    *Defendant(s)*

In the Court of
Common Pleas
of Adams County

CIVIL ACTION - LAW

Action of
Mortgage Foreclosure

Term
No. 2012-SU-71

TO:    MICHAEL J. STRAUSBAUGH
    1946 E. Berlin Road
    New Oxford, PA 17350

## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LEGAL SERVICES INC.
432 S. Washington St.
Gettysburg, PA 17325
717-334-7623

PENNSYLVANIA BAR ASSOCIATION
P.O. Box 186
Harrisburg, PA 17108
800-692-7375

By: _____
    KML LAW GROUP, P.C.
    _____ Michael McKeever Pa. ID 56129
    _____ Lisa Lee Pa. ID 78020
    _____ Kristina Murtha Pa. ID 61858
    _____ David Fein Pa. ID 82628
    _____ Thomas Puleo Pa. ID 27615
    __X__ Jill P. Jenkins Pa. ID 306588
    215-825-6360
    Attorneys for Plaintiff

Exhibit #10

THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

DATE OF THIS NOTICE: March 14, 2012

TO:

MICHAEL J. STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

GREEN TREE SERVICING, LLC
7360 S. Kyrene Road
Mail Stop: T-208
Tempe, AZ 85283 *Plaintiff*

vs.

REBECCA STRAUSBAUGH
MICHAEL J. STRAUSBAUGH
(Mortgagor(s) *and* Record Owner(s))
1946 E. Berlin Road
New Oxford, PA 17350

*Defendant(s)*

In the Court of
Common Pleas
of Adams County

CIVIL ACTION – LAW

Action of
Mortgage Foreclosure

Term
No. 2012-SU-71

TO:  MICHAEL J. STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

### IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LEGAL SERVICES INC.
432 S. Washington St.
Gettysburg, PA 17325
717-334-7623

PENNSYLVANIA BAR ASSOCIATION
P.O. Box 186
Harrisburg, PA 17108
800-692-7375

By: _____
KML LAW GROUP, P.C.
_____ Michael McKeever Pa. ID 56129
_____ Lisa Lee Pa. ID 78020
_____ Kristina Murtha Pa. ID 61858
_____ David Fein Pa. ID 82628
_____ Thomas Puleo Pa. ID 27615
_____ Jill P. Jenkins Pa. ID 306588
215-825-6360
Attorneys for Plaintiff

Exhibit - 11

KML Law Group, P.C.
Suite 5000 — BNY Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff

| | |
|---|---|
| GREEN TREE SERVICING, LLC<br>7360 S. Kyrene Road<br>Mail Stop: T-208<br>Tempe, AZ 85283<br><br>Plaintiff<br><br>vs.<br><br>REBECCA STRAUSBAUGH<br>MICHAEL J. STRAUSBAUGH<br>(Mortgagor(s) and Record Owner(s))<br>1946 E. Berlin Road<br>New Oxford, PA 17350<br><br>Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Adams County<br><br><br>CIVIL ACTION - LAW<br><br>ACTION OF MORTGAGE FORECLOSURE<br><br><br>No. 2012-SU-71 |

### AFFIDAVIT PURSUANT TO RULE 3129

GREEN TREE SERVICING, LLC, Plaintiff in the above action, by counsel, KML Law Group, P.C., sets forth as of the date the praecipe for the writ of execution was filed the following information concerning the real property located at:

1946 E. Berlin Road
New Oxford, PA 17350

1. Name and address of Owner(s) or Reputed Owner(s):

REBECCA STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

MICHAEL J. STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

2. Name and address of Defendant(s) in the judgment:

REBECCA STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

MICHAEL J. STRAUSBAUGH
513 McArthur Boulevard
Warner Robins, GA 31093

3. Name and last known address of every judgment creditor whose judgment is a record lien on the property to be sold:

DOMESTIC RELATIONS OF ADAMS COUNTY
Adams County Courthouse
123 Baltimore Street
Gettysburg, PA 17325

FILED PROTHONOTARY
JUL 18 PM 2 25

Exhibit #12

KML Law Group, P.C.
Suite 5000 — BNY Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff
GREEN TREE SERVICING, LLC
7360 S. Kyrene Road
Mail Stop: T-208
Tempe, AZ 85283

Plaintiff

vs.

REBECCA STRAUSBAUGH
MICHAEL J. STRAUSBAUGH
(Mortgagor(s) and Record owner(s))
1946 E. Berlin Road
New Oxford, PA 17350

Defendant(s)

IN THE COURT OF COMMON PLEAS

of Adams County

CIVIL ACTION LAW

ACTION OF MORTGAGE FORECLOSURE

No. 2012-SU-71;

## ORDER FOR JUDGMENT

Please enter Judgment in favor of GREEN TREE SERVICING, LLC, and against REBECCA STRAUSBAUGH and MICHAEL J. STRAUSBAUGH for failure to file an Answer in the above action within (20) days from the date of service of the Complaint, in the sum of $275,755.07.

By: _____
    KML LAW GROUP, P.C.
_____ Michael McKeever Pa. ID 56129
_____ Jay E. Kivitz Pa. ID 26769
_____ Lisa Lee Pa. ID 78020
_____ Kristina Murtha Pa. ID 61858
_____ David Fein Pa. ID 82628
_____ Thomas Puleo Pa. ID 27615
_____ Joshua I. Goldman Pa. 205047
__X__ Jill P. Jenkins Pa. ID 306588
    Attorneys for Plaintiff

I hereby certify that the above names are correct and that the precise residence address of the judgment creditor is GREEN TREE SERVICING, LLC 7360 S. Kyrene Road Mail Stop: T-208 Tempe, AZ 85283 and that the name(s) and last known address(es) of the Defendant(s) is/are REBECCA STRAUSBAUGH, 513 McArthur Boulevard Warner Robins, GA 31093 and MICHAEL J. STRAUSBAUGH, 513 McArthur Boulevard Warner Robins, GA 31093;

By: _____
    KML LAW GROUP, P.C.
_____ Michael McKeever Pa. ID 56129
_____ Jay E. Kivitz Pa. ID 26769
_____ Lisa Lee Pa. ID 78020
_____ Kristina Murtha Pa. ID 61858
_____ David Fein Pa. ID 82628
_____ Thomas Puleo Pa. ID 27615
_____ Joshua I. Goldman Pa. 205047
__X__ Jill P. Jenkins Pa. ID 306588
    Attorneys for Plaintiff

Exhibit - 13

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

Kindly assess the damages in this case to be as follows:

| | |
|---|---|
| Principal Balance | $193,365.27 |
| Interest from 06/01/2011 through 07/13/2012 | $4,318.68 |
| Reasonable Attorney's Fee | $1,450.00 |
| Escrow Balance Deficit | $8,498.67 |
| Unapplied Funds | ($0.94) |
| Hazard Insurance | $1,953.39 |
| Deferred Interest/Loan Modification | $65,000.00 |
| Rekey/Locks | $120.00 |
| Repair | $100.00 |
| Winterize | $150.00 |
| Lawn Care | $225.00 |
| Swimming Pool | $400.00 |
| November- Lawn Care | $175.00 |
| | $275,755.07 |

By: _____
KML LAW GROUP, P.C.
Michael McKeever Pa. ID 56129
Jay E. Kivitz Pa. ID 26769
Lisa Lee Pa. ID 78020
Kristina Murtha Pa. ID 61858
David Fein Pa. ID 82628
Thomas Puleo Pa. ID 27615
Joshua I. Goldman Pa. ID 205047
Jill P. Jenkins Pa. ID 306588
Attorneys for Plaintiff

AND NOW, this 18 day of July , 2012 damages are assessed as above.

_____
Pro Prothy

2012-SU-71/109661FC

# KML LAW GROUP, P.C.

SUITE 5000 BNY MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA, PA 19106
WWW.KMLLAWGROUP.COM

January 10, 2013

SHERIFF OF ADAMS COUNTY
Sheriff's Office
111 Baltimore Street
Gettysburg, PA 17325

RE:     No. 2012-SU-71
        REBECCA STRAUSBAUGH and MICHAEL J. STRAUSBAUGH

Real Estate Division:

The above case may be sold on January 18, 2013. It has been properly served in accordance with Rule 3129.

Very truly yours,

KML Law Group, P.C.

RECEIVED
2013 JAN 15 P 2: 56
SHERIFF
ADAMS COUNTY

Exhibit - 14

**KML Law Group, P.C.**
Suite 5000 - BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 627-1322
Attorney for Plaintiff

| | |
|---|---|
| GREEN TREE SERVICING, LLC<br>7360 S. Kyrene Road<br>Mail Stop: T-208<br>Tempe, AZ 85283<br><br>                               Plaintiff<br><br>         vs.<br><br>REBECCA STRAUSBAUGH<br>MICHAEL J. STRAUSBAUGH<br>Mortgagor(s) and Record Owner(s)<br><br>1946 E. Berlin Road<br>New Oxford, PA 17350<br><br>                          Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Adams County<br><br>CIVIL ACTION - LAW<br><br>ACTION OF MORTGAGE<br>FORECLOSURE<br><br>Docket No. 2012-SU-71 |

THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT. THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.

### NOTICE OF SHERIFF'S SALE OF REAL PROPERTY

TO:    STRAUSBAUGH, MICHAEL J.
       **MICHAEL J. STRAUSBAUGH**
       1946 E. Berlin Road
       New Oxford, PA 17350

    Your house at 1946 E. Berlin Road, New Oxford, PA 17350 is scheduled to be sold at Sheriff's Sale on Friday, November 16, 2012, at 10:00 AM, in Courthouse 111 Baltimore St Gettysburg PA to enforce the court judgment of $275,755.07 obtained by GREEN TREE SERVICING, LLC against you.

### NOTICE OF OWNER'S RIGHTS
#### YOU MAY BE ABLE TO PREVENT THIS SHERIFF'S SALE

    To prevent this Sheriff's Sale you must take immediate action:

1.    The sale will be cancelled if you pay to GREEN TREE SERVICING, LLC, the back payments, late charges, costs and reasonable attorney's fees due. To find out how much you must pay call:
       215-825-6329 or 1-866-413-2311.

2.    You may be able to stop the sale by filing a petition asking the Court to strike or open judgment, if the judgment was improperly entered. You may also ask the Court to postpone the sale for good cause.

Exhibit - 15

**KML LAW GROUP, P.C.**
Suite 5000- BNY Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322
Attorney for Plaintiff

| | |
|---|---|
| GREEN TREE SERVICING, LLC<br>7360 S. Kyrene Road<br>Mail Stop: T-208<br>Tempe, AZ 85283 | IN THE COURT OF COMMON PLEAS<br><br>of Adams County |
| Plaintiff | CIVIL ACTION - LAW |
| vs. | |
| REBECCA STRAUSBAUGH<br>MICHAEL J. STRAUSBAUGH<br>Mortgagor(s) and Record Owner(s) | ACTION OF MORTGAGE<br>FORECLOSURE |
| 1946 E. Berlin Road<br>New Oxford, PA 17350 | Docket No. 2012-SU-71 |
| Defendant(s) | |

THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO
COLLECT A DEBT. THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED FROM YOU WILL BE
USED FOR THAT PURPOSE.

<u>NOTICE OF SHERIFF'S SALE OF REAL PROPERTY</u>

TO:   STRAUSBAUGH, MICHAEL J.
   **MICHAEL J. STRAUSBAUGH**
   USP Tucson 9300 S Wilmot Rd
   Tucson, AZ 85706

   Your house at 1946 E. Berlin Road, New Oxford, PA 17350 is scheduled to be sold at Sheriff's
Sale on Friday, November 16, 2012, at 10:00 AM, in Courthouse 111 Baltimore St Gettysburg PA to
enforce the court judgment of $275,755.07 obtained by GREEN TREE SERVICING, LLC against you.

<u>NOTICE OF OWNER'S RIGHTS</u>
<u>YOU MAY BE ABLE TO PREVENT THIS SHERIFF'S SALE</u>

   To prevent this Sheriff's Sale you must take <u>immediate action</u>:

1.   The sale will be cancelled if you pay to GREEN TREE SERVICING, LLC, the back payments,
late charges, costs and reasonable attorney's fees due. To find out how much you must pay call our office at
215-825-6329 or 1-866-413-2311 and

2.   You may be able to stop the sale by filing a petition asking the Court to strike or open judgment, if
the judgment was improperly entered. You may also ask the Court to postpone the sale for good cause.

3.   You may also be able to stop the sale through other legal proceedings.

Exhibit - 16

12-004079

IN THE COMMON PLEAS COURT OF ADAMS COUNTY PENNSYLVANIA

GREEN TREE SERVICING, LLC; et seq.
Plaintiff (Petitioner)

v.

REBECCA STRAUSBAUGH; et al.
Defendant (Respondent)

CASE and/or DOCKET No.: 2012-SU-71

Sheriff's Sale Date: 11/16/12

AFFIDAVIT OF SERVICE

NOTICE OF SALE

☐ Complaint    ☐ Summons    ☒ Other: _____

M. POWELL _____, certify that I am eighteen years of age or older and that I am not a party to the action nor an employee nor relative of a party,
and that I attempted to serve MICHAEL J. STRAUSBAUGH the above process on the 16TH day of OCTOBER , 2012 , at 9:45 AM o'clock, ___M, at USP TUCSON 9300 S WILMOT RD TUCSON, AZ 85706

Manner of Service:

By handing a copy to:

☐  An officer, partner, trustee, or registered agent of the Defendant organization who is not a plaintiff in the action *

☐  The manager, clerk, or other person for the time being in charge of a regular place of business or activity of the Defendant organization who is not a plaintiff in the action *

☐  An agent authorized by the Defendant organization in writing to receive service of process for it who is not a plaintiff in the action *

☒  By handing a copy to the Defendant(s)

☐  By handing a copy at the residence of the Defendant(s) to an adult member of the family with whom he/she resides or to the adult person in charge of the residence because no adult family member was found *

☐  By handing a copy at the residence of the Defendant(s) to the clerk or manager of the hotel, inn, apartment house or other place of lodging at which he/she resides *

☐  By handing a copy at the office or usual place of business of the Defendant(s) to the Defendant(s)'s agent or to the person for the time being in charge thereof *

☐  By posting a copy of the original process on the most public part of the property pursuant to an order of court

* Name: __N/A_____
Relationship/Title/Position: _____
Remarks: _____
Description: Approximate Age ____ Height ____ Weight ____ Race ____ Sex ____ Hair ____

Defendant was not served because: ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant

☐ Other: _____

Service was attempted on the following dates/times:

1) _____  2) _____  3) _____

Commonwealth/State of __ARIZONA__          )
                                           ) SS:
County of __PIMA__                         )

Before me, the undersigned notary public, this day, personally, appeared M. POWELL #698 _____ to me known, who being duly sworn according to law, deposes the following: I SERVED MICHAEL STRAUSBURG WITH AN ACTION OF MORTGAGE FORECLOSURE

I hereby swear or affirm that the facts set forth in the foregoing Affidavit of Service are true and correct.

_M. Powell 698_
(Signature of Affiant)

**M. POWELL #698/PROCESS SERVER**
File Number:109661FC
Case ID #:3429296

**PIMA CO SHERIFF'S DEPT.**

Subscribed and sworn to before me
this __ day of October , 20 12 .

_Louise Ann Healy_
Notary Public

OFFICIAL SEAL
LOUISE ANN HEALY
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires May 31, 2015

Exhibit - 17

COPY

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CIVIL

GREEN TREE SERVICING, LLC,
      Plaintiff

      v.

REBECCA STRAUSBAUGH and
MICHAEL J. STRAUSBAUGH,
      Defendants

: 12-S-71

## ORDER OF COURT

AND NOW, this 14th day of November, 2012, on Petition of Defendants alleging Defendants have means of causing the debt to be satisfied and brought current to avoid the necessity of sale, the Sheriff Sale in this matter is postponed until January 18, 2013. Plaintiff shall not be required to provide additional notice or advertisement of sale.

BY THE COURT:

*Thomas R Campbell*

THOMAS R. CAMPBELL
Judge

Jill P. Jenkins, Esquire
Rebecca Strausbaugh, Defendant (1946 E. Berlin Road, New Oxford, PA 17350)
Michael J. Strausbaugh, Defendant (Reg. No. 69878-083, United States
Penitentiary, Tucson, Post Office Box #24550, Tucson, Arizona 85734)
wlc

RECEIVED
2012 NOV 19 A 11:43

Exhibit - 18

GREEN TREE SERVICING,LLC    *    IN THE COURT OF COMMON PLEAS

7360 S. KYRENE ROAD       *      OF ADAMS COUNTY

MAIL STOP: T-208          *

TEMPE, AZ.       85283,   *      CIV.ACTION - LAW

          Plaintiff,   *

Vs.                   *      ACTION OF MORTGAGE

MICHAEL STRAUSBAUGH et al,   *       FORECLOSURE

#69878-067 USP-TUCSON     *

POST OFFICE BOX # 24550     *      DOCKET NO. 2012-SU-71

TUCSON, AZ.      85734    *

        Defendant.   *

## DEFENDANTS FORMAL OBJECTION;

## MOTION FOR RECONSIDERATION AND ANNULMENT

## OF FINAL JUDGMENT IN THIS CAUSE

Comes now the Defendant, Michael Strausbaugh, pro-se in the above captioned cause, and moves this Honorable Court with his Objection and request for Reconsideration of its final judgment alleged to have happened this the month of January, 2013, for the following reasons to wit:

On, around or about October 16th, 2012, Defendant was personally provided Notice by the Tucson, Arizona Sheriffs Office, that Defendants home located at 1946 East Berlin Road, New Oxford, Pennsylvania, 17350, was to be sold on November 16th, 2012 at 10:00 AM in this Honorable Court to satisfy a judgment incurred by Plaintiff in this foreclosure / mortgage action.

This said Notice named myself, Michael Strausbaugh, and my wife, Rebecca Strausbaugh as Defendants in this above captioned action.

Exhibit - 19

On November 7th, 2012, Only the below signed Defendant moved this Honorable court to postpone the November 16th, 2012 sale of his home and allow him opportunity to save his home and negotiate with Plaintiff.

As this Defendant never received a response from Plaintiff nor this court, Defendant requested his Mother [Karen Bowen], and Aunt [Tina Horst] to purchase the case action summary sheet reflecting this action, who advised Defendant that they had so purchased said for $13.75, and the clerk would be sending Defendant the case action summary sheet.

*PLEASE NOTE: that Defendant has not received said case action summary sheet as of the below signed date.

Subsequently, On January 13th, 2013, Defendants sister [Michelle Metheny] informed Defendant that this Honorable Court, and or plaintiff, had postponed the November 16th, 2012 sale of Defendants home and sent the Defendant documents, to include an agreement, however, because Defendant never responded to said, his house was to be sold on January 16th, 2013.

*PLEASE NOTE: that Defendant has not received no correspondence, orders, agreements, responses or etc., from this court or the Plaintiff, nor the Plaintiffs attorney of record as of the below signed date, [excluding the initial Notice].

*PLEASE ALSO NOTE: that this Honorable court, et al, can verify by calling the Warden [Warden Winn] of this United States Penitentiary, Tucson [(501)663-5000] that this prisons Mail Room staff has been reprimanded due a magnitude of

complaints regarding their negligent duties, i.e., delaying and loosing inmate legal etc., mail.

On January 14th, 2012, Defendant again petitioned this Honorable Court to postpone the January 16th, 2013 sale of his home, explaining the above. [See, Exhibit"1", attached hereto]

According to Defendants Mother [Karen Bowen], and sister [Michelle Metheny], Defendants Mother e-mailed Defendants said petition [Exhibit"1"] to this court on January 14th, 2013.

On January 19th, 2013, Defendants sister [Michelle Metheny] advised Defendant that this court had allowed the Defendants home to be foreclosed and sold.

## OBJECTION AND REQUEST FOR RECONSIDERATION

Defendant would herefore make his formal Objection to said decree and respectfully request this Honorable Court to reconsider its said [alleged] final judgment for the following reasons to wit:

Defendant only has access to Federal civil, criminal and appellate rules, law and authority, however, even in Pennsylvania State civil law/rules applicable to this above captioned cause, due process under the United States and Pennsylvania Constitution[s] require Defendant to be provided with all notices, pleadings, objections and other filings and agreements as well as orders and decrees of this court, by Plaintiff and this court, pursuant to relevant rules governing Pennsylvania civil procedure.

The Defendant has not been provided any such

correspondence [except for the initial notice] or otherwise provided his right to defend or negotiate in this cause.

Thus, if it is true that this Honorable Court has so entered judgment against Defendant in this cause, Defendant has therefore been deprived of his.... property without due process of the law.

Had the Defendant been provided with the [alleged] agreement as described above, or otherwise notice of this opportunity to settle, Defendant has means of having his home managed, which would result in the satisfaction of debts to Plaintiff [et al], and eventually security and assets for Defendant[s] and their minor son [Alexander J. Strausbaugh], and otherwise save the Strausbaugh' hand built family home.

With all due respects to this Honorable Court and the Plaintiff, et al, Defendant has not been accorded his right to defend, nor opportunity to settle in this above captioned cause, and therefore moves this Honorable Court to Vacate its [alleged] final judgment and reopen this action for Defendants opportunity to defend and negotiate settlement.

Defendant would like this Honorable Court to take note, and take into consideration, should it so vacate its [alleged] judgment, that no other Defendant, or anyone authorized by defendant[s] hereto, to manage the orderly safekeeping of Defendant[s] home, has made any attempt to resolve this matter in their or the properties interests, and should no-longer be considered to have any interests in said property, except to the extent of the joint Defendant [Rebecca Strausbaugh], should she petition her interest in said property, and no other party should have management power or

4 -of- 6

consideration over this property who shows no interest in salvaging said property, as the below signed Defendant commands.

## DECLARATION OF MICHAEL STRAUSBAUGH

I Michael Strausbaugh, BOP Reg.No. 69878-067, do hereby declare under penalty of perjury, pursuant to Title 18 USC §1001 and Title 28 USC §1746, that the foregoing is true and correct as so stated, on this the 24th, day of January, 2013.

Michael Strausbaugh. Reg.No.69878-067

United States Penitentiary, Tucson

Post Office Box # 24550

Tucson, Arizona.                    85734

In the event that this Honorable Court denies this motion, Defendant hereby gives formal notice of intent to appeal this above captioned cause, and would request this Honorable court to order the clerk to mail this courts judgments and decrees to this Defendant stamped "Legal Mail - Open In Presence Of The Inmate".

## CONCLUSION

WHEREFORE, Premises considered, and believing that noone will be prejudiced hereby, Defendant respectfully moves this Honorable Court to vacate its [alleged] final judgment in this cause, and allow the Defendant adequate opportunity to defend and settle with Plaintiff.

Respectfully Submitted,

On this the 24th day of January, 2013.

_____
Michael Strausbaugh. Reg.No.69878-067

United States Penitentiary, Tucson

Post Office Box # 24550

Tucson, Arizona.                    85734


## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury pursuant to Title 18 USC §1001 and Title 28 USC §1746, that I have served a true copy of the foregoing upon the Plaintiff, GREEN TREE SERVICING, LLC, 7360 S. Kyrene Road, Mail Stop: T-208, Tempe, Arizona, 85283; The Plaintiff's Attorney, KML LAW GROUP.PC., 701 Market Street, STE-5000, Philadelphia, Pennsylvania, 19106, and an original copy of the same to the ADAMS COUNTY COURT, 111 Baltimor Street, Gettysburg, Pennsylvania, 17325, by placing said in the prisons U.S. Legal Mail System, first class postage prepaid and properly addressed,

On this the 24th day of January, 2013.

_____
Michael Strausbaugh. Reg.

United States Penitenti

Post Office Box #

Tucson, Arizona.

**U.S. Postal Service ™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .65 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here — JAN 25 2013 USPS

Sent To
Court Of Common Pleas, Adams Co.
Street, Apt. No.;
or PO Box No. 117 Baltimore Street
City, State, ZIP+4
Gettysburg, PA.                    17325

6 -of- 6

ORIGINAL

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CIVIL

GREEN TREE SERVICING, LLC,        12-S-71
      Plaintiff

v.

REBECCA STRAUSBAUGH and
MICHAEL J. STRAUSBAUGH,
      Defendants

2013 JAN 31 P 3:55
FILED PROTHONOTARY

## ORDER OF COURT

AND NOW, this 31st day of January, 2013, the Court having received Defendants' Formal Objection; Motion for Reconsideration and Annulment of Final Judgment in this case filed to the Prothonotary on January 29, 2013, it is hereby Ordered that the Motion is denied. It appears as though the Motion is one to strike judgment of foreclosure. Defendant provides no grounds on which that in rem judgment should be stricken.

To the extent Defendant is asking for the Sheriff Sale to be vacated, that request is denied. Defendant had notice of the Sheriff Sale originally scheduled for November 16, 2012 as evidenced by Defendant filing from his place of incarceration in Arizona of a Petition to Postpone the November 16, 2012 sale. That Petition was received November 13, 2012 in the Adams County Prothonotary's Office. Defendant's Petition indicated he had means to cure the default. By Order of November 14, 2012 this Court granted Defendant's request and did postpone the Sheriff sale until January 18, 2013 to give Defendant time to cure the default. On November 16, 2012 the Defendant was sent a copy of this Court's Order of November 14, 2012 to the address Defendant provided on his Petition to Postpone.

Exhibit - 20

# *Know all Men by these Presents*

THAT I, JAMES MULLER, Sheriff of the County of Adams in the Commonwealth of Pennsylvania, for

and in consideration of the sum of ONE THOUSAND, FOUR HUNDRED, THIRTY-FIVE AND 40/100

($1,435.40) dollars, to me in hand paid, do hereby grant and convey to

## FEDERAL NATIONAL MORTGAGE ASSOCIATION

ALL THAT CERTAIN tract of land situate, lying and being in Reading Township, Adams County,
Pennsylvania, being bounded and described as follows, to-wit:

BEGINNING at a point in the center line of Pennsylvania State Route Number 234 at the southeast
corner of Tract Number One; extending thence along said center line South 67°05'58" East, one hundred sixty-two and ninety-five
one-hundredths (162.95) feet to a point at Tract Number Three;
Thence by same North 22°54'02" East, two hundred seventy-two and twenty-two one hundredths
(272.22) feet to a point; Thence by same North 70°30'00" West, one hundred sixty-three and twenty-four one-hundredths (163.24)
feet to a point at Tract Number One; Thence by same South 22°54'02" West, two hundred sixty-two and fifty-four one-hundredths
(262.54) feet to a point in the center line of Pennsylvania State Route Number 234, the place of beginning.
Containing 1.000 acres, neat measure.

Parcel# J07-0019A

Property address: 1946 E. Berlin Road, New Oxford, PA 17350

| | |
|---|---|
| Stamp #2013-031309  Consideration | $1,435.40 |
| Loc Reading Township  Afft  Y | |
| CommonWealth of Pennsylvania | $0.00 |
| Reading Township | $0.00 |
| Bermudian Springs School District | $0.00 |
| By :LINDA BARBOUR    Total : | $0.00 |

Image ID: 000003257140 Type: GEN
Recorded: 02/21/2013 at 02:37:17 PM
Fee Amt: $53.50 Page 1 of 5
Instr# 201300002480
Adams County, PA
Linda K Myers Register and Recorder
BK 5800 PG 196

Exhibit - 21

FILED
HARRISBURG, PA

SEP 0 4 2018

PER ___DW___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael Strausbaugh,                        : Civil No. 1:15-CV-01433

        Plaintiff,                          :

                            : (Connor, C.J.)

v.

Greentree Servicing LLC et al, : (Mehalchick, M.J.)

              Defendants. :


## MOTION TO SEAL EXHIBIT 1 OF PLAINTIFF'S

## OBJECTIONS TO REPORT AND RECOMMENDATION


Comes now, Michael Strausbaugh pro se in the above captioned cause and files this Motion to seal the separately filed Exhibit 1 of his Objection to the Magistrate's Report and Recommendation (R&R).

In an attempt to avoid denying the public's right of access to the Objections in this case, Strausbaugh is filing Exhibit 1 separately from the Objection. Exhibit 1 is the only document which warrants being filed under seal. Exhibit 1 is DOJ, Bureau of Prisons Individualized Reentry Plan for Strausbaugh. This document contains names, addresses, and phone numbers of persons not involved in this case. There is one address contained therein that is important to the resolution of this case and must be available to the Court and the parties but should not be made available *to the public.*

Therefore, Strausbaugh requests that *the separately filed* Exhibit 1 be filed under seal.

Submitted on this, the 27th Day of August, 2018.

Respectfully,



Michael Strausbaugh

Reg. No: 69878-067

United States Penitentiary, Tucson

Post Office Box 24550

Tucson, Arizona  85734

CERTIFICATE OF SERVICE

    I certify that all interested parties were served with the foregoing on this, the 27ᵗʰ Day of August, 2018, and that I placed said in the prison legal mail system on the same date.

Defendant Lori Hogue

Attorney Todd A. King

Service through CM/ECF


Defendant Greentree Servicing LLC.

Attorney Alexis G. Cocco

Service through CM/ECF


Defendant KML, Jenkins, and Fein

Attorney James C. Warmbrodt

701 Market St., Ste. 5000

Philadelphia, Pennsylvania 19106


Respectfully,

Michael Strausbaugh

FILED
HARRISBURG, PA

SEP 0 4 2018

PER_____ ⟋ᴧᴧↄ
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael Strausbaugh,          : Civil No. 1:15-CV-01433

      Plaintiff,          :

v.          : (Connor, C.J.)

Greentree Servicing LLC et al, : (Mehalchick, M.J.)

      Defendants. :


EXHIBIT 1 OF PLAINTIFF'S OBJECTIONS TO REPORT

AND RECOMMENDATION FILED UNDER SEAL


Submitted on this, the 27ᵗʰ Day of August, 2018.


Respectfully,

Michael Strausbaugh

Reg. No: 69878-067

United States Penitentiary, Tucson

Post Office Box 24550

Tucson, Arizona  85734

1 Strausbaugh  69878-067
lobes Penitentiary , Tucson

24550

AZ 85734

<>69878-067<>
Us Distirct Court
Middle District Of PA
228 Walnut
Harrisburg, PA 17108
United States

Legal
Mail

RECEIVED
HARRISBURG, PA

Sept. 4, 2018

PER _____
DEPUTY CLERK.